LEONARD C. WASON & another *vs.* J. WILLIAM BUZZELL & others.

Suffolk.  January 20, 1902. — May 20, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Jurisdiction.  Corporation,* Foreign.

This court will not assume jurisdiction to determine the validity of an election of directors of a corporation organized under the laws of another State having a usual place of business in this Commonwealth and authorized to do business here.

PETITION, filed October 18 and amended December 17, 1901, for a writ of mandamus addressed to the officers of the Contractors Plant Company, a corporation organized under the laws of the State of Maine, authorized to do business in this Commonwealth and having its usual place of business in Boston, commanding the respondents Buzzell and Buffum to refrain from attempting to act as directors of that corporation, and commanding the respondents Cross, Gilbreth and Webber to recognize and receive the petitioners as directors, and to act with them as such in the business of the corporation.

The case was heard by *Barker,* J., who sustained a demurrer of the respondents to the amended petition on the ground stated by the court and ordered that the petition be dismissed; and reported the case for the determination of the full court, such disposition to be made thereof as law and justice might require.

*F. L. Norton,* for the petitioners.

*F. S. Elliot,* for the respondents.

HAMMOND, J.  The petitioners allege that they are two of five directors of a corporation organized under the laws of the State of Maine, having an office in Portland in that State, authorized to do business in this Commonwealth and having its usual place of business here in Boston; and they bring this petition against the corporation, the three remaining directors and two other persons, for a writ of mandamus commanding these three directors to recognize and act with the petitioners as

directors and commanding the other respondents to refrain from attempting to act as directors. All the individual petitioners and respondents are residents of this Commonwealth.

A demurrer to the bill upon several grounds, one of which was that the subject matter of the controversy concerns the internal management of the affairs of a foreign corporation, was sustained by a single justice of this court and the bill ordered to be dismissed; and the case is before us upon a report made by him, such disposition thereof to be made as law and justice may require.

It is plain that the demurrer must be sustained. The only thing in controversy is whether the petitioners have been elected directors in accordance with the law of the home of the corporation, a question relating simply to the official relations existing between them and the corporation. This is a question relating solely to the management of the internal affairs of the corporation. Although there is some difference in the various States as to whether jurisdiction shall be taken in such a case (see *North State Copper & Gold Mining Co.* v. *Field*, 64 Md. 151, and *State* v. *Cronan*, 23 Nev. 437), we are satisfied that the better rule is that such questions should be settled by the courts of the State in which the corporation is domiciled, and we must decline to take jurisdiction. See *Kimball* v. *St. Louis & San Francisco Railway*, 157 Mass. 7, and cases cited.

*Petition dismissed.*