#### HERBERT L. HILDRETH *vs.* CHARLES THIBODEAU & others.

Suffolk.   March 11, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Jurisdiction.   Patent.   Equity Pleading and Practice,* Report of facts under R. L. c. 159, § 23.

On a bill in equity against a resident of another State the court has no jurisdiction to proceed against the defendant *in personam* if the only service upon him has been by the delivery to him in the State in which he resides of a copy of the bill and an order of notice.

A patent right granted by the United States recorded in the name of a citizen of another State has no *situs* in this Commonwealth on which to found jurisdiction of a suit in equity to obtain possession and control of the patent, where no jurisdiction *in personam* has been acquired over the owner of record.

Where a suit in equity comes to this court by appeal from a final decree of the Superior Court, and the judge of the Superior Court makes a report of facts under R. L. c. 159, § 23, to complete the presentation of the questions of law raised, it is not proper for his report to end with a statement of terms of reservation such as would be appropriate in the conclusion of a report under § 29 of the same chapter.

KNOWLTON, C. J.   This is a bill in equity brought to obtain the possession and legal control of letters patent of the United States, issued upon an invention of the defendant, Charles Thibodeau, to his wife, the defendant, Catherine M. Thibodeau, and by her assigned before the commencement of this suit to the defendants, Duff and Kitzmiller.   From an interlocutory decree dismissing the bill as to the defendants Duff and Kitzmiller, for want of proper service on them, and from a final decree dismissing the bill generally, the plaintiff appealed.

We do not find it necessary to determine whether, upon the pleadings and the report, the plaintiff would be entitled to relief if we had jurisdiction of all the parties, for we are of opinion that we have no jurisdiction to decide important questions involved in the plaintiff's claim.   The defendants Duff and Kitzmiller, who appear of record as the owners of the patent, are residents of the State of Pennsylvania.   The only service upon them was by the delivery of a copy of the bill and order of notice

to each of them at Pittsburg, Pennsylvania, where they reside. They appeared specially and objected to the jurisdiction.

It is plain that, as against them, the court acquired no jurisdiction to proceed *in personam*. *Merrill* v. *Beckwith*, 163 Mass. 503. *Eliot* v. *McCormick*, 144 Mass. 10. *Pennoyer* v. *Neff*, 95 U. S. 714. *Freeman* v. *Alderson*, 119 U. S. 185.

It appears by the report that the plaintiff did not desire to have the bill retained for an assessment of damages against the defendants Charles Thibodeau and Catherine M. Thibodeau. The court was, therefore, left without jurisdiction to give him any relief for which he asked, unless it had jurisdiction over the property, such that it could proceed *in rem*, in the absence of the holders of the title to the patent. But letters patent of the United States are not visible, tangible property which has of itself a local character, and of which the court can take jurisdiction apart from the apparent ownership of it. So far as such property has any *situs*, it follows the person of its owner, and ordinarily belongs at his place of residence. From its peculiar character, it is property, in a sense, in all parts of the United States. But this would not justify an assumption of jurisdiction over it by a court of a State in which its owner is not a resident, and where no jurisdiction is acquired over him. The decisions in *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 151 Mass. 515, and *Ager* v. *Murray*, 105 U. S. 126, do not go far enough to aid the plaintiff in this part of his case.

To give jurisdiction over this patent it would be necessary to show that the title of Duff and Kitzmiller is fraudulent as against the plaintiff, or is subject to equities in his favor which give him a right to control the patent. Such proof is a condition precedent to the proper exercise by the court of any jurisdiction over the patent. To a suit to determine a question of this kind the owners of record are necessary parties. Jurisdiction over them, which will authorize a trial of the question, must be obtained before a court can deal directly with the patent as property. We are of opinion that the decrees appealed from were rightly entered.

The concluding sentence of the report is as follows: "I now report this case to the Supreme Judicial Court for its consideration and determination. If, in its opinion, I am right in my

conclusions of law, the decree is to stand; if, in its opinion, I have erred, such order or decree to be entered as said court may direct." This is irregular. A final decree had been entered and the plaintiff had appealed. Our only jurisdiction of the case is on the appeal. The report is made under the R. L. c. 159, § 23, to complete the record for the presentation of questions of law. Such a conclusion of a report is only proper under the R. L. c. 159, § 29, which permits a judge, instead of finishing a case by the formal entry of a final decree from which an appeal may be taken, to reserve and report it for a final decision by the full court.

*Decrees affirmed.*

*C. Browne, A. P. Browne & J. K. Berry,* for the plaintiff, submitted a brief.

*W. Quinby,* for the defendants Thibodeau.

*J. S. Richardson,* for the defendants Duff and Kitzmiller.