Louis T. Wright & others *vs.* Charles B. Post & others.

Suffolk.   February 6, 1929. — June 27, 1929.

Present: Pierce, Carroll, Wait, & Field, JJ.

*Equity Jurisdiction,* Suit relating to acts of foreign corporation's officers. *Corporation,* Foreign. *Equity Pleading and Practice,* Effect of injunction pendente lite upon jurisdiction. *Jurisdiction.*

It was not improper for the Superior Court, on demurrer to a bill in equity, to decline jurisdiction of the suit, where it appeared that therein the plaintiffs sought an adjudication that they were duly elected directors of a corporation organized and incorporated in the Province of Ontario; an order placing the books and control of its business in their hands; an order restraining the prosecution in the courts of Ontario of litigation in which the corporation and others of the parties to the suit here were parties and which affected their rights as shareholders material to the issues of the bill here and in issue if the bill here were to be heard on its merits; and an order restraining action by one of the defendants in obedience to orders made by courts of Ontario or elsewhere and establishing alleged rights of the corporation against certain defendants.

The mere fact that individual officers and stockholders of the corporation were domiciled in this Commonwealth did not require the court to accept jurisdiction of the suit above described.

The mere fact that, before pleadings were completed as required by rule or order of court, the court granted a temporary injunction was not such assumption of jurisdiction to retain and try the merits of the bill of complaint that the court at any later time might not refuse jurisdiction.

Bill in equity, filed in the Superior Court on August 9, 1928, and described in the opinion.

Pleadings filed by the defendants are described in the opinion. The demurrers were heard by *Weed,* J., and by his orders there were entered an interlocutory decree sustaining the demurrers and a final decree dismissing the bill. The plaintiffs appealed.

The case was submitted on briefs.

*A. Berenson, B. Berenson, & T. W. Morris,* for the plaintiffs.

*C. W. Proctor,* for the defendants Post and others.

*G. H. Mirick, A. W. Blackmer, & C. B. Rugg,* for the defendant Heslor.

WAIT, J.    The plaintiffs appeal from an interlocutory decree of the Superior Court sustaining demurrers to their bill in equity, and from a final decree dismissing the bill entered after the plaintiffs had had opportunity to amend their bill but had filed no amendment.

The allegations of the bill, which is very long, need not be stated in detail.   They disclose the pendency of controversy with regard to the plaintiffs' claim to be the legally chosen directors of the Triplex Gold Mines, Limited, a corporation organized under the laws of the Province of Ontario in the Dominion of Canada, and with regard to the legality of a meeting of alleged shareholders held at Worcester on June 2, 1928.   They disclose further, that litigation in which the corporation and others of the parties herein are parties, begun in 1922, is pending in the courts of said Province affecting rights as shareholders of the parties plaintiff and defendant, or some of them, material to the issues of this bill, which would be in issue were this bill to be heard on its merits; and that matters vitally affecting Triplex Gold Mines, Limited, and its management by one body or another of persons whose status as stockholders has not been finally ascertained by any court, are involved, which depend, in part at least, upon the corporation laws of said Province.   The bill, among other things, seeks from courts of Massachusetts an adjudication that the plaintiffs are the duly elected directors of Triplex Gold Mines, Limited, and orders placing the books and control of its business in their hands, restraining the prosecution of litigation in the courts of Ontario, restraining action by the defendant Post in obedience to orders made by courts of Ontario or elsewhere, and establishing alleged rights of Triplex Gold Mines, Limited, against certain defendants. In substance it asks the court of Massachusetts to interfere with pending litigation in the courts of Ontario and to ad-

judicate with regard to the internal affairs of a foreign corporation.

The bill was filed August 9, 1928. Defendant Heslor demurred on August 23. The corporation on August 22 filed a plea to the jurisdiction, alleging it had no usual place of business in Massachusetts and was not engaged in doing business within the jurisdiction of the Commonwealth. An order of notice to show cause why a temporary injunction should not issue was heard on or about August 25; and, on August 25, the Superior Court restrained temporarily defendants either as stockholders, officers or employees of Triplex Gold Mines, Limited, from calling any adjourned meeting of the meeting of June 2, 1928, for the purpose of casting any cloud on action taken at the meeting of June 2, or for purpose of electing officers or directors of Triplex Gold Mines, Limited, for the year beginning June 2, 1928. On September 4, the remaining defendants filed a demurrer. Some time prior to October 5, the demurrers were argued and sustained on the grounds that the proper remedy in a contested corporate election was mandamus; that the bill was multifarious; and that jurisdiction should be declined because the controversy ought to be settled in the courts of the domicil of the corporation.

No extended discussion is necessary. The law is settled that the courts of this Commonwealth may properly refuse to pass upon a controversy relating in substance to the internal management and control of a foreign corporation, even if individual officers or stockholders are domiciled in Massachusetts. *Wason* v. *Buzzell,* 181 Mass. 338. *Electric Welding Co. Ltd.* v. *Prince,* 195 Mass. 242, 256. It is especially fitting that they so refuse where litigation, dealing in large part with matters likely to be in issue in the proceedings sought to be instituted here, is already pending in the courts of the corporation's domicil; see *Kimball* v. *St. Louis & San Francisco Railway,* 157 Mass. 7; and, above all, where they are asked to forbid obedience to orders of the courts of the domicil. *Andrews* v. *Mines Corp. Ltd.* 205 Mass. 121, presents utterly different considerations, and is not controlling.

The action of the Superior Court in granting a temporary injunction at a date before complete pleadings were required by rule or order of the court, is not such assumption of jurisdiction to retain and try the merits of the bill of complaint that the court may not, at any later time, refuse jurisdiction.

*Decree affirmed with costs.*