LEROY A. KLING *vs.* WILLIAM C. McTARNAHAN & another.

Suffolk.    October 7, 1931. — December 3, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

Equity Jurisdiction, To reach and apply equitable assets. *Jurisdiction. Corporation,* Foreign.

A suit in equity under G. L. c. 214, § 3 (7), cannot be maintained by one not residing nor having a usual place of business in this Commonwealth against an individual defendant, likewise not residing nor having a usual place of business here and upon whom no service of process is made, and a corporate defendant organized and incorporated in another State but having a usual place of business here, upon which service has been made, to reach and apply to payment of a claim of the plaintiff against the individual defendant shares of stock in the defendant corporation owned by him, certificates representing which are not here.

An allegation in the bill in the suit in equity above described that the directors of the defendant corporation voted to transfer to the individual defendant "for services rendered three thousand shares of its common stock held in its treasury," did not give the plaintiff a right to maintain the suit to reach and apply whatever interest the individual defendant had to require the defendant corporation to

transfer to him the three thousand shares of treasury stock, even if the allegations of the bill were sufficient to support a contract right on the part of the individual defendant to receive the stock, since the suit in that respect related to the internal affairs of a foreign corporation and our courts would decline jurisdiction.

Even if the plaintiff were permitted to amend his bill by alleging that the transfer agent of the defendant corporation was in this Commonwealth, the suit could not be maintained.

BILL IN EQUITY, filed in the Superior Court on February 18, 1931, and described in the opinion.

The defendant corporation demurred. The demurrer was heard by *Sisk*, J., by whose order there were entered an interlocutory decree sustaining it and a final decree dismissing the bill as to the defendant corporation. The plaintiff appealed.

*B. Morton*, for the plaintiff.

*H. S. Davis*, for the defendant Petroleum Heat and Power Company.

CARROLL, J.   This is a suit in equity under G. L. c. 214, § 3 (7), to reach and apply shares of stock of the principal defendant, McTarnahan, in the Petroleum Heat and Power Company, also to reach and apply the principal defendant's right to the transfer to him of three thousand shares of the treasury stock of the company. The bill alleges, in substance, that the plaintiff is entitled to recover from the principal defendant a sum paid him by the plaintiff in reliance upon false and fraudulent representations made by the principal defendant, and that he is also entitled to an accounting for secret profits received by this defendant while acting as the plaintiff's agent.

The plaintiff is a resident of Chicago, Illinois. McTarnahan is a resident of Ossining, New York. The Petroleum Heat and Power Company, hereafter called the corporation, is a Delaware corporation having a usual place of business in Boston. No service of process was made on the principal defendant within the Commonwealth. The corporation's demurrer was sustained and a final decree was entered dismissing the bill as against the corporation.

It is not contended that the certificate of the stock alleged to belong to McTarnahan is in Massachusetts. The stock

held by McTarnahan cannot be reached in this proceeding. Our courts have no jurisdiction against him *in personam* and cannot order him to act or abstain from acting when he has not been served with process. He must have been brought within the jurisdiction of the court in order that it may act against him personally. *Walling* v. *Beers,* 120 Mass. 548. See *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 379. In the absence of personal jurisdiction over the owner of stock in a foreign corporation a suit to reach and apply this stock may, by a proceeding *quasi in rem,* be maintained if the certificates of stock are within the Commonwealth, *Stockbridge* v. *Mixer,* 227 Mass. 501; see *Simpson* v. *Jersey City Contracting Co.* 165 N. Y. 193; or if the situs of the stock is within the jurisdiction of the court. See *Hildreth* v. *Thibodeau,* 186 Mass. 83. The stock issued to the principal defendant had no situs in this Commonwealth. The situs of shares of stock in a corporation ordinarily is at the domicil of the owner or at the domicil of the corporation. *Kennedy* v. *Hodges,* 215 Mass. 112. *Welch* v. *Treasurer & Receiver General,* 223 Mass. 87, 92. See *Bellows Falls Power Co.* v. *Commonwealth,* 222 Mass. 51, 58–59. For purposes of attachment the fundamental condition of attachment requires "that the *res* must be within the jurisdiction of the court" and this condition is not complied with "in respect to shares in a foreign corporation by the presence here of its officers, or by the fact that the corporation has property and is transacting business here." The "corporation has its domicile and residence alone within the bounds of the sovereignty which created it, and . . . is incapable of passing personally beyond that jurisdiction." *Plimpton* v. *Bigelow,* 93 N. Y. 592, 598, 602. *Christmas* v. *Biddle,* 13 Penn. St. 223. *Ashley* v. *Quintard,* 90 Fed. Rep. 84. As McTarnahan was not a resident of this Commonwealth and no service of process was made on him, his stock in the corporation could not be reached and applied under the statute by this proceeding against him personally. Considered as a proceeding *in rem* the stock could not be so applied because the corporation was a foreign corporation, the certificates of shares were not in this Commonwealth, and neither the

principal defendant nor the corporation was domiciled here. See *Hildreth* v. *Thibodeau,* 186 Mass. 83.

Cases which decide that a debt owed by a foreign corporation to a nonresident debtor may be held by trustee process, *Bayer* v. *Lovelace,* 204 Mass. 327, have no application here, where the suit is in the nature of equitable trustee process to attach or reach and apply stock owned by a nonresident in a foreign corporation.

The plaintiff relies on *Stockbridge* v. *Mixer,* 227 Mass. 501. In that case the certificates of shares in a foreign corporation were in Massachusetts and within the jurisdiction of our courts. See *Snyder* v. *Smith,* 185 Mass. 58, 62. *Simpson* v. *Jersey City Contracting Co.* 165 N. Y. 193. In *Pond* v. *Simpson,* 251 Mass. 325, the defendant was not the owner of the shares there in question. There is nothing in *Rioux* v. *Cronin,* 222 Mass. 131, or in *Cochrane* v. *Forbes,* 257 Mass. 135, *S. C.* 265 Mass. 249, in conflict.

As to the plaintiff's right to reach and apply whatever interest the principal defendant had to require the corporation to transfer to him three thousand shares of treasury stock, the bill alleges in substance that in February, 1931, the directors of the corporation voted to transfer to McTarnahan "for services rendered three thousand shares of its common stock held in its treasury." Even if the allegations of the bill were sufficient to support a contract right to receive the stock, the courts of Massachusetts would not entertain a suit by McTarnahan to enforce this obligation. Such a suit would relate to the internal affairs of a Delaware corporation and we would decline jurisdiction. *Smith* v. *Mutual Life Ins. Co. of New York,* 14 Allen, 336. *Kansas & Eastern Railroad Construction Co.* v. *Topeka, Salina & Western Railroad,* 135 Mass. 34. See *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384; *Wright* v. *Post,* 268 Mass. 126. Our courts ought not to act in a case like the present where the plaintiff is seeking to enforce a right, which we would not enforce for the benefit of McTarnahan if he were the plaintiff, and compel a foreign corporation to deliver certificates of stock to him or give the relief asked for by the plaintiff here by passing on the

validity of this right. The question of jurisdiction was raised properly by the demurrer. *Gunter* v. *Arlington Mills,* 271 Mass. 314, and cases cited.

A foreign corporation may be ordered to account to a nonresident creditor. *Pierce* v. *Equitable Life Assurance Society,* 145 Mass. 56. See also *Richardson* v. *Clinton Wall Trunk Manuf. Co.* 181 Mass. 580; *Andrews* v. *Mines Corp. Ltd.* 205 Mass. 121. Cases are to be found where courts have taken jurisdiction over the issue of stock by a foreign corporation. See *Guilford* v. *Western Union Telegraph Co.* 59 Minn. 332; and note to *Boyette* v. *Preston Motors Corp.* 18 Am. L. R. 1383. But we are of the opinion that in the case under consideration the rule followed in *Smith* v. *Mutual Life Ins. Co. of New York,* 14 Allen, 336, and in *Kansas & Eastern Railroad Construction Co.* v. *Topeka, Salina & Western Railroad,* 135 Mass. 34, should be adhered to, that as the rights of the principal defendant against the foreign corporation would not be enforced in our courts if suit were brought by him we should not take jurisdiction to enforce these rights when suit is brought by his creditors.

The plaintiff in this court asked to amend his bill by alleging that the transfer agent of the corporation is in this Commonwealth. Assuming, but not deciding, that the bill could be amended in this manner in this court after a final decree has been entered in the Superior Court and the case is here on the plaintiff's appeal, see *Twombly* v. *Selectmen of Billerica,* 262 Mass. 214, in our opinion the amendment even if allowed would not help the plaintiff.

We are also of opinion that the corporation did not waive its rights to object to the jurisdiction of the court by appearing and seeking a modification of the injunction. See *Consolidated Ordnance Co.* v. *Marsh,* 227 Mass. 15.

*Decree affirmed with costs.*