PATRICK HENRY KELLEY *vs.* THE AMERICAN SUGAR REFINING COMPANY.

Suffolk. November 6, 7, 1941. — May 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Corporation,* Foreign. *Equity Jurisdiction,* Foreign corporation. *Jurisdiction,* Foreign corporation, Forum non conveniens, Objection to jurisdiction. *Equity Pleading and Practice,* Declination of jurisdiction, Appeal. *Error,* Whether error harmful. *Constitutional Law,* Full faith and credit, Declination of jurisdiction.

The court below rightly declined jurisdiction of a suit in equity by a resident of Massachusetts against a New Jersey corporation doing business here, involving the validity of a purported extension of the original period of its corporate existence by a vote of the stockholders and the status and rights of stockholders who voted against the extension.

Whether or not a motion by the defendant that the court decline jurisdiction of a suit in equity was a proper method of raising the question of forum non conveniens, a refusal to expunge the motion and its allowance showed no reversible error where the suit was of such a nature that jurisdiction should be declined.

There was no merit in contentions by the plaintiff that a motion that the court, on the ground of forum non conveniens, decline jurisdiction of a suit in equity involving the internal affairs of a foreign corporation constituted an admission by the defendant of the correctness of allegations in the bill as to the law of the State of incorporation, and that thus no disputed question concerning that law was left open.

The full faith and credit clause of the Federal Constitution did not prevent a court of this Commonwealth declining jurisdiction of a proceeding on the ground of forum non conveniens.

BILL IN EQUITY, filed in the Superior Court on January 15, 1941.

The defendant filed a motion that the court decline jurisdiction. The plaintiff filed a motion that the defendant's motion be expunged. The plaintiff's motion was denied by an interlocutory decree entered by order of *Goldberg,* J. By order of *Fosdick,* J., there were entered an interlocutory decree allowing the defendant's motion and a final decree

dismissing the bill without prejudice to the plaintiff's rights. The plaintiff appealed from such decrees.

The plaintiff requested the following ruling, among others, and alleged an exception to its refusal: "The plaintiff requests the court to rule that by the full faith and credit clause of the Federal Constitution, the defendant's motion should be overruled as established by the case of *Mayer* v. *Oxidation Products Co.* 110 N. J. Eq. 141. See *Erie Railroad* v. *Tompkins*, 304 U. S. 64. *Converse* v. *Hamilton*, 224 U. S. 243."

*P. H. Kelley*, pro se.

*J. L. Hall*, (*R. Wait* with him,) for the defendant.

QUA, J. The gist of the bill in this case is that the plaintiff, a resident of Boston in this Commonwealth, owns two hundred shares of the common stock of the defendant out of a total of nine hundred thousand shares of preferred and common; that the defendant operates a sugar refinery in Boston; that it was incorporated in New Jersey in 1891, with a corporate life limited to fifty years, which expired in January, 1941; that in November, 1940, the defendant held a stockholders' meeting, and by more than a two-thirds majority of each class of stock there was passed a vote purporting to authorize an extension of the defendant's corporate existence for a second period of fifty years, ending in 1991, and to authorize an amendment to that effect to the original certificate of incorporation; that the plaintiff attended the meeting and voted against the change; that, as the result of various statutes and decisions of the State of New Jersey from the "Corporate Act of 1875," under which it is alleged the defendant was chartered, down to the "Revised Statutes 1938," the attempted extension of the life of the corporation was invalid as against a protesting stockholder; and that the plaintiff's rights as a stockholder were fixed by the terms of the original incorporation, which became a contract binding upon the defendant that could not be affected by subsequent legislation without the plaintiff's consent. He prays that the defendant be required to accept a surrender of his certificates of stock and to pay him the value of the original investment and accrued profits

represented by the certificates as of the expiration of the original fifty-year period. The bill contains an elaborate exposition of the law of New Jersey, practically in the form of a brief, occupying about thirteen pages of the printed record.

An inspection of the bill shows clearly that the issues presented involve the internal structure of the defendant and its relations to its stockholders, if not its existence as a corporation. The bill involves the questions whether the extension was valid, whether stockholders who voted against it are still stockholders, and if they are not whether they have now become creditors and what their rights are. If the plaintiff's contention should be sustained, questions as to liquidation or as to methods of ascertaining liquidation values would become involved. All these problems are to be solved, not primarily by the application of principles of the common law or of general equity jurisprudence, but with special reference to the statute law of New Jersey and its history, development, and construction by the courts of New Jersey. Such questions ought to be decided authoritatively by the courts most familiar with the particular problems and in the best position to solve them correctly — the courts of the State of incorporation. They ought not to be decided, with possibly inconsistent results, by the courts of each different State in which it may be possible to obtain service upon the defendant. There is nothing to suggest that the plaintiff cannot secure in the courts of New Jersey a full and adequate investigation of his claims and complete vindication of any rights he may have. The case belongs to a class of cases concerning the internal affairs and the rights of stockholders of foreign corporations as to which it is settled that a court may in its sound discretion refuse to entertain jurisdiction.[1] In *Electric Weld-*

[1] *Smith* v. *Mutual Life Ins. Co.* 14 Allen, 336, 343. *Kansas & Eastern Railroad Construction Co.* v. *Topeka, Salina & Western Railroad,* 135 Mass. 34, 40. *New Haven Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349, 353. *Kimball* v. *St. Louis & San Francisco Railway,* 157 Mass. 7. *Wason* v. *Buzzell,* 181 Mass. 338. *Richards* v. *Security Mutual Life Ins. Co.* 230 Mass. 320. *Wright* v. *Post,* 268 Mass. 126. *Kling* v. *McTarnahan,* 277 Mass. 386, 389. *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London,* 281 Mass. 303, 314, 315. *Rogers* v. *Guaranty Trust Co. of New York,* 288 U. S. 123, 131. The case at bar is distinguishable from *Peters* v. *Equitable Life Assurance Co.* 196 Mass. 143, and *Lydia E. Pinkham Medicine Co.* v. *Gove,* 298 Mass. 53, 58, 59.

*ing Co. Ltd.* v. *Prince,* 195 Mass. 242, at page 256, this court said, "the question whether as between the company and a shareholder a person is or is not a shareholder is a question of law so peculiarly to be decided by the laws of the country by which the company is incorporated that ordinarily the courts of this State will not entertain jurisdiction of a case involving that question." The court below rightly declined to hear the case and rightly dismissed the bill without prejudice to any rights of the plaintiff in respect to the merits of his claim.

The plaintiff insists that the defendant could not properly raise the question of forum non conveniens by means of its motion "that the court decline jurisdiction." In the Superior Court the plaintiff attacked the motion as not in such form that it could properly be treated as a demurrer, plea, or answer, and he appealed from the allowance of the motion and from the refusal of the court to expunge it and to order the defendant to answer to the bill. If the motion to dismiss was not a strictly proper method of raising this issue, *Rothstein* v. *Commissioner of Banks,* 258 Mass. 196; *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 110; G. L. (Ter. Ed.) c. 214, § 13, which we need not decide, it does not follow that there was reversible error in refusing to expunge the motion or in going through the form of allowing it. See *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London,* 281 Mass. 303, 328. The plaintiff was not injured by the course taken. It was the duty of the judge in any event to decline jurisdiction of the cause in the interest of a proper and efficient administration of justice. The parties could not relieve him of that duty by the form of the papers they filed or even by omitting to file any at all. He was not obliged to wait until he heard the case on the merits. The action taken in its practical effect was right, and the final decree was right and was the result to which the case from its very nature must inevitably come. Nothing would be gained by a critical investigation of the mechanics by which this result was reached to see whether in all respects they were technically correct. *Freeman* v. *Robinson,* 238 Mass. 449. *Slocum* v. *Natural Products Co.*

292 Mass. 455, 458.  *Rathgeber* v. *Kelley,* 299 Mass. 444, 446. *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495, 499.  *Helvering* v. *Gowran,* 302 U. S. 238, 245.

And we cannot accept the plaintiff's contention that the defendant's motion had the effect of an admission of the correctness of the position of the plaintiff as to the law of New Jersey as expounded in the bill, so as to leave open no disputed question of foreign law.  This was not at all the intended purport or effect of the defendant's motion.  If to treat the motion as a demurrer would have that consequence, the motion could not be treated as a demurrer.

Several attempted appeals from rulings and refusals to rule and from orders not amounting to decrees must be dismissed.  *Scullin* v. *Cities Service Oil Co.* 304 Mass. 75, 84. *Graustein* v. *Dolan,* 282 Mass. 579, 583.

The plaintiff also has a bill of exceptions to the refusal of the judge to grant certain requests for rulings.  In this bill the plaintiff recites that he files it in order that it may appear that in the Superior Court he claimed rights under the Federal Constitution.  The rulings requested in so far as they pertain to constitutional rights seem to us immaterial to the issue then before the judge, nor do we perceive that any question of constitutional law was involved in the refusal to hear the case in this jurisdiction; but the bill of exceptions would seem to have served its purpose.  The judge was not required to grant any of the requested rulings.

> *Appeals from rulings, refusals to rule and orders for decrees dismissed.*
>
> *Exceptions overruled.*
>
> *Interlocutory decrees appealed from affirmed.*
>
> *Final decree affirmed with costs.*