**JOSEPHSON v. McGUIRE et al.**
**Civ. A. No. 53–1106.**

United States District Court
D. Massachusetts.
April 23, 1954.

Goulston & Storrs, Herbert B. Ehrmann, David H. Greenberg, Boston, Mass., Milton Paulson, New York City, for plaintiff.

George A. McLaughlin, Boston, Mass., Caswell S. Neal, Carlsbad, N. M., for Catherine M. Kennedy, Max J. Cohen and John A. McGuire.

WYZANSKI, District Judge.

The sole question is whether in its discretion this Court should transfer this case pursuant to the venue provisions of 28 U.S.C. § 1404(a) from this district to the district of New Mexico. All parties concede that the Court has power and all are agreed as to the corpus of principles properly applicable to the exercise of discretion. Hence, only the briefest memorandum is required.

These are the factors which seem to me to be determinative.

1. This is a minority stockholder's derivative suit. The complaint charges individual directors with a breach of their fiduciary duties towards a New Mexico corporation.

2. The three individual defendants are all domiciled in Massachusetts, but at least one of them spends the larger part of his time in the Southwest.

3. Additional directors and numerous other persons almost certain to be called as witnesses live in New Mexico and Texas.

4. While it is uncertain exactly what proportion of the documents are located here, and what proportion are located in New Mexico, it is clear that the law of New Mexico or of an area geographically and legally close to it governs stockholder's votes, underlying contracts, and property rights.

5. It is at least arguable that Massachusetts State Court rules do not recognize as appropriate for local determination a case, such as this, which challenges the foreign performance of fiduciary duties of directors of a foreign corporation. Wason v. Buzzell, 181 Mass. 338, 63 N.E. 909; Kelley v. American Sugar Refining Co., 311 Mass. 617, 42 N.E.2d 592. And though it *may* be that this state rule does not govern a federal court sitting in Massachusetts, the policy expressed in State decisions ought not to be regarded as entirely without weight in the exercise of this Court's discretion. Cf. Weiss v. Routh, 2 Cir., 149 F.2d 193, 159 A.L.R. 658.

6. Despite the fact that it is plausibly contended that the law of New Mexico with respect to fiduciary duties is identical with the Massachusetts law on the same subject, this contention is not buttressed by a large array of New Mexico state decisions. And a federal judge sitting in Massachusetts is less likely than a federal judge sitting in New Mexico correctly to appraise the attitude of New Mexico State Judges and their probable rulings of law.

7. A large measure of deference is due to the plaintiff's freedom to select his own forum. Yet this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff, and when the plaintiff sues as a representative of a large class of shareholders who presumably are scattered throughout the country and are in number of persons and in number of shares held not shown to be located prin-

cipally in this State, nor anxious to have litigation heard in this State.

8. In some cases it has been thought appropriate to allow a minority shareholder to have his class suit heard at his domicil. But this has often been on a showing that he had been aggrieved in some way different from other shareholders, or that he was a holder of a very large personal interest in the corporation, or that the conduct occurred in his home state.

9. It seems to me that, absent such special factors, it is generally a prudent policy to transfer a minority shareholder's derivative suit to the state of incorporation especially when it was the scene of the conduct, contracts, and votes of which complaint is made, and when it is the location of the state tribunals whose decisions set the authoritative precedents.

For the foregoing reasons, I direct that the case shall be transferred to the United States District Court for the District of New Mexico.