HARRY L. POND *vs.* JAMES SIMPSON & others.

Suffolk.   November 20, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice,* Service of process on nonresident defendant, Special appearance, Demurrer, Plea to jurisdiction. *Jurisdiction,* Over nonresident defendant. *Corporation,* Service on foreign corporation. *Equity Jurisdiction,* Equitable trustee process, To reach and apply property not attachable at law.

In a suit in equity, against a personal defendant residing in the State of Maine, a debtor of the plaintiff, another defendant residing in the Commonwealth of Massachusetts, and a corporation organized under the laws of Maine and having a usual place of business in this Commonwealth, to reach and apply under G. L. c. 214, § 3, cls. 7, 8, in payment of the debt of the Maine personal defendant, a promissory note, made and payable in this Commonwealth and due to the Maine defendant from the Massachusetts defendant, and shares of stock in the corporate defendant alleged to be owned by the Maine defendant, the only evidence of notice of the proceedings to the Maine defendant shown on the record was an affidavit by the plaintiff's attorney that he had given notice by registered mail. The Maine defendant appeared specially,

without otherwise submitting to the jurisdiction, and filed a plea in which, as afterwards amended, he alleged that he did not and never had owned stock in the defendant corporation and that the note referred to in the bill was in his possession in the State of Maine; and on the same day he filed a demurrer in which also he alleged that he appeared specially for that purpose only and did not otherwise submit to the jurisdiction of the court, and averred lack of jurisdiction. The demurrer was heard and overruled and later the plea was heard and was adjudged good in law and in fact, and the bill was dismissed. The plaintiff appealed. *Held*, that

(1) There was no personal service upon the principal defendant;

(2) The demurrer properly was overruled;

(3) There was no general appearance by the principal defendant and he had not submitted to the jurisdiction of the court;

(4) The note not being within this Commonwealth, the maker could not be held as trustee in this suit; following *Sanger* v. *Bancroft,* 12 Gray, 365;

(5) No property of the principal defendant was attached within this jurisdiction;

(6) The suit properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on January 12, 1924, and afterwards amended, against James Simpson of Richmond in the State of Maine, Edward L. Smeeton and Alexander W. Haddon, "both having their usual place of business in Boston" and doing business under the name and style of Richmond Worsted Spinning Company, and Richmond Worsted Spinning Company, a corporation established under the laws of the State of Maine and having a usual place of business in Boston in this Commonwealth.

The material allegations of the bill are described in the opinion. The record does not disclose any order of service upon the defendant Simpson. On February 1, 1924, the defendant Simpson caused two documents to be filed in court, in both of which he alleged that he appeared specially for that purpose and did not otherwise submit to the jurisdiction of the court. The first document was entitled "Plea to Jurisdiction of Court" and set up merely that the defendant Simpson was not and never had been the owner of shares of the capital stock of the defendant corporation or in any way, directly or indirectly, interested in that corporation. The second document was entitled "Demurrer to Bill" and averred that the bill set forth no facts sufficient to confer upon the court jurisdiction over the defendant Simpson.

On February 14, 1924; the plaintiff's attorney filed his own affidavit that "due notice of the order requiring the defendant, James Simpson, to appear and answer the plaintiff's bill was served on said defendant, James Simpson, by registered mail and the receipt for the registered letter containing an attested copy of said order is hereto attached together with a copy of said order."

These matters were heard by *Brown*, J., who on February 19, 1924, ordered the demurrer overruled and upon the plea indorsed, "no facts were heard by me on the within plea."

An amendment by the defendant Simpson to his plea then was allowed, which set forth further that the defendant Simpson was a citizen of Maine and that the note of the defendants Smeeton and Haddon was in the possession of the defendant Simpson in the State of Maine and was not within this Commonwealth. The plea as amended then was heard by *Morton*, J., who found that the defendant Simpson had not "appeared generally," that the defendant Simpson did not and never had owned stock of the defendant corporation, and that the promissory note of Smeeton and Haddon to Simpson, made and payable in Boston, was in Simpson's possession in the State of Maine; and he sustained the plea. A final decree dismissing the bill then was entered. The plaintiff appealed.

*J. E. Reagan*, for the plaintiff.

*E. R. Anderson*, (*R. B. Owen* with him,) for the defendant Simpson.

RUGG, C.J.   This is a suit in equity by the plaintiff against the defendant Simpson, both residents of Maine, alleging a debt due from Simpson to the plaintiff and seeking to reach and apply in payment of that debt (1) a promissory note made by the defendants Smeeton and Haddon to the order of Simpson, now overdue, and (2) shares of stock in the defendant corporation owned by Simpson.

No personal service was made upon Simpson. The service by registered mail was insufficient to bring him in as a party and subject him to the jurisdiction of the court. Simpson has not appeared generally. He appeared specially and filed a demurrer to the bill on grounds amounting in

substance to want of jurisdiction. It was a speaking demurrer, setting out certain facts in addition to those in the bill. It was overruled rightly. Its manifest purpose was to raise solely the question of jurisdiction over the defendant Simpson. It was not the equivalent of a general appearance. If want of jurisdiction appeared on the face of the bill, a special appearance by a nonresident defendant, not served with process, for the purpose of demurring on that ground, would not be a general submission to the jurisdiction of the court. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 423.

The defendant Simpson, still appearing specially, filed a plea to the jurisdiction, subsequently amended by leave of court, setting out (1) that he was not the holder of any shares of stock in the defendant corporation and (2) that the note referred to in the plaintiff's bill was at all times in the possession of the defendant Simpson in the State of Maine. The trial judge found both these facts to be as averred in the plea, and also that the note was made and payable in Boston. The makers of the note cannot be held as trustees under equitable trustee process upon these facts when the note is not within the jurisdiction. That point is settled by *Sanger* v. *Bancroft,* 12 Gray, 365.

Since Simpson had no interest in the stock of the defendant corporation, no jurisdiction over him was acquired by service on the corporation. *Dondis* v. *Borden,* 230 Mass. 73. *Warr* v. *Collector of Taxes of Taunton,* 234 Mass. 279.

No property of the defendant Simpson was attached in this jurisdiction. Therefore, since he was a nonresident and did not appear generally, he could not be held to answer to the suit in our courts. *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14. *Pennoyer* v. *Neff,* 95 U. S. 714. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 379, 388.

*Decree dismissing bill affirmed with costs.*