THOMAS P. O'CONNOR, administrator, *vs.* BOSTON RETIREMENT BOARD & another.

Suffolk.    November 16, 1939. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & RONAN, JJ.

*Retirement.    Boston.    Evidence*, Competency.

Facts warranted inferences that a retired employee of the city of Boston duly acknowledged and filed with the retirement board a nomination of his daughter to receive at his death any unpaid balance of his retirement allowance under St. 1922, c. 521, § 17, Option 1.

The proper execution and filing of an instrument with a municipal board could be shown by oral evidence where the board was unable to find the instrument in its files.

A retired employee of the city of Boston may change from time to time his nominee to receive at his death any unpaid balance of his retirement allowance under St. 1922, c. 521, § 17, Option 1.

Money paid to a nominee of a retired employee of the city of Boston at his death pursuant to St. 1922, c. 521, § 17, Option 1, is taken by the nominee for his own use.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on December 14, 1938.

Following confirmation of the report of a master, a final decree dismissing the bill was entered by order of *Dolan*, J. The plaintiff appealed.

The case was submitted on briefs.

*E. A. O'Donnell*, for the plaintiff.

*M. J. Dailey*, for the defendant Smith.

LUMMUS, J.    Patrick J. Nolan, an employee of the city of Boston, retired in 1935, and elected to receive, in lieu of the retirement allowance provided by the Boston retirement system, a lesser retirement allowance payable through-

out life, with the provision that if he should die before he had received in payments the value of his retirement allowance as it was at the time of his retirement, the balance should be paid to such person having an insurable interest in his life as he should have "nominated by written designation duly acknowledged and filed with the retirement board," and in default of such nomination to his legal representative. St. 1922, c. 521, § 17, Option 1. He died on October 14, 1938, leaving a balance which had not been paid him. It is claimed by his administrator, and also by one of his daughters, Isabella M. Smith. The only question is whether she was properly "nominated" under the statute. The dismissal of the bill amounts to a denial of the claim of the administrator.

Nolan and Isabella M. Smith visited the office of the board on June 2, 1938. A clerk produced the records of Nolan's retirement, and told the executive officer of the board that Nolan wished to change his beneficiary from his estate to Isabella M. Smith. Nolan, in the presence of the executive officer and the clerk, signed an instrument nominating Isabella M. Smith under the statute, and acknowledged the instrument before the executive officer. It is not expressly found that the executive officer was a justice of the peace or a notary public, but that could be inferred from the finding that he took the acknowledgment. G. L. (Ter. Ed.) c. 4, § 6, Sixth. It is not expressly found that the executive officer signed a statement that the acknowledgment was made, but that, in view of the common practice in this Commonwealth, is to be inferred from the finding that Nolan "signed and acknowledged this instrument before" the executive officer. See *Cook Borden & Co. Inc.* v. *Commonwealth*, 293 Mass. 174, 179–181. Neither is it expressly found that the instrument was filed with the retirement board, but that can be inferred from the finding that in the summer of 1938 information was furnished at the office of the board which apparently must have been obtained by a perusal of the instrument.

The nomination of Isabella M. Smith, found to have been perfected on June 2, 1938, was not vitiated by the

.inability of the board in and after September, 1938, to find the material papers in its files. The facts about the nomination of Isabella M. Smith on June 2, 1938, including the taking of the acknowledgment, were properly shown by oral evidence. *Sturtevant* v. *Robinson,* 18 Pick. 175, 179. *Eaton* v. *Hall,* 5 Met. 287. *Commonwealth* v. *Roark,* 8 Cush. 210, 212, 213. *Dailey* v. *Coleman,* 122 Mass. 64, 67. Wigmore, Evidence (2d ed.) § 2107.

The statutory power to nominate had not been exhausted by a nomination previous to June. When nominated in June, Isabella M. Smith was entitled to take beneficially. We need not discuss the statutory provision for nomination by the wife or the conservator of an incompetent retiring employee.

*Decree affirmed with costs.*