THOMAS N. CREED, administrator, *vs.* JAMES M. KEYES & others.

Suffolk.     March 8, 1945. — September 11, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Probate Court*, Jurisdiction, Equity proceeding, Appearance, Appeal. *Jurisdiction*, Nonresident.

An administrator seeking in effect by a petition in equity in the Probate Court to recover, as an asset of the decedent's estate, money paid to the respondent, was entitled to appeal from a decree dismissing the petition.

A Probate Court in which the estate of a Massachusetts decedent was being settled had no jurisdiction of a petition in equity under G. L. (Ter. Ed.) c. 215, § 6, as amended, brought by the administrator against a nonresident and seeking in effect to recover, as an asset of the estate, money paid to the respondent and not shown to be a res within the Commonwealth, where there was service by publication and mailing but the respondent was not served with process in Massachusetts and only appeared specially to contest the jurisdiction of the court.

A voluntary appearance by a nonresident for the purpose of participating in a will compromise in a Massachusetts Probate Court and assenting to the allowance of the will and the appointment of an administrator with the will annexed, did not constitute a general appearance of the nonresident in that court extending to a subsequent petition in equity by the administrator against him seeking in effect to recover, as an asset of the estate, money which had been paid to him.

PETITION IN EQUITY, filed in the Probate Court for the county of Suffolk on July 10, 1942, seeking "a decree as to the validity of" the nomination made by Charles E. Quirk

on December 22, 1939, described in the opinion; that the court "establish title to the balance, standing to the credit of said Charles E. Quirk at the time of his decease, in said Boston retirement system, as paid to said Fred A. Quirk"; and general relief.

The case was heard by *Dillon*, J.

*E. M. Dangel*, (*L. E. Sherry* with him,) for the petitioner.

*A. F. Richard*, for the respondents Athelia C. Quirk and others.

*J. M. Keyes*, pro se, joined in the brief of the petitioner.

LUMMUS, J.   This is a petition in equity, filed July 10, 1942, in the Probate Court for the county of Suffolk, brought by Thomas N. Creed as administrator with the will annexed, appointed July 24, 1941, by said court, of the estate of Charles .E. Quirk, late of Boston, who as a public school teacher in Boston was a member of a contributory pension system for employees of the city of Boston known as the Boston retirement system.   At his death on June 21, 1941, there was payable by said system the sum of $13,519.48.

The respondents are James M. Keyes and Annie M. Burns of Boston, Fred A. Quirk, Athelia C. Quirk and Charles E. Quirk, who live in the State of New York, and William H. Quirk, who lives in the State of New Jersey.   None of the nonresidents of the Commonwealth was served with process upon the petition within the Commonwealth.   Apparently the only service was by publication and mailing.

The petition alleges that the said sum of $13,519.48 was paid by the system on July 10, 1942, to said Fred A. Quirk, a brother of the decedent, in accordance with a "nomination" executed by the decedent on December 22, 1939, making said sum payable to said Fred A. Quirk as beneficiary.   See St. 1939, c. 131; *O'Connor* v. *Boston Retirement Board*, 304 Mass. 471.   The present location of said sum does not appear.   Presumably said Fred A. Quirk took the money with him to Geneseo, New York, where he lives.   For all that appears that was done before the petition was filed.

Said James M. Keyes, a brother of the deceased wife of the decedent and one of the residuary beneficiaries under an agreement of compromise, dated July 10, 1941, and

approved by said court on July 24, 1941, contends in favor of the claim of the petitioner to said sum that said "nomination" was invalid, for one reason because the decedent was coerced and unduly influenced into executing it.

The four nonresident respondents appeared specially, and denied the jurisdiction of the Probate Court. The judge sustained their position, and dismissed the petition, awarding costs and expenses to counsel for the petitioner and to counsel for the nonresident respondents. The petitioner appealed, as unquestionably he had a right to do. *Monroe* v. *Cooper*, 235 Mass. 33, 34. *Doane* v. *Bigelow*, 293 Mass. 406, 409. *Bolster* v. *Attorney General*, 306 Mass. 387. James M. Keyes also appealed. We do not intimate that he had no right to appeal, although we need not decide the question. See *Eliot* v. *Eliot*, 10 Allen, 357; *Pierce* v. *Gould*, 143 Mass. 234; *Robinson* v. *Dayton*, 190 Mass. 459; *Sullivan* v. *Lloyd*, 221 Mass. 108.

Plainly the sum in question, considered apart from its relation to the estate of the decedent, was not shown to be a res within this Commonwealth. The record does not show what assets, if any, the petitioner holds, nor the value of the share in such assets to which Fred A. Quirk is entitled. The petition does not seek a decree quasi in rem with respect to such share or to any res within the Commonwealth. *Pond* v. *Simpson*, 251 Mass. 325. *Clark-Wilcox Co.* v. *Northwest Engineering Co.* 314 Mass. 402.

The normal remedy of the petitioner is to be sought in some jurisdiction in which Fred A. Quirk can be found and served with process. But the petitioner contends that the Probate Court for the county of Suffolk has jurisdiction (a) because the will was proved and allowed in that court, (b) because if the "nomination" should prove to be invalid said sum would be an asset of the estate, and (c) because Fred A. Quirk and the other nonresident respondents named in the petition entered in that court into an agreement for compromise and all of them except Athelia C. Quirk assented to the petition for the allowance of the will and the appointment of the petitioner as administrator with the will annexed.

The petition is brought under G. L. (Ter. Ed.) c. 215, § 6, as amended, which gives a Probate Court jurisdiction in equity, concurrent with that of other courts of equity, "in cases involving in any way the estate of a deceased person." That statute "gives the Probate Court only 'jurisdiction within the scope of general equity jurisprudence as to the cases and matters therein named.'" *Geen* v. *Old Colony Trust Co.* 294 Mass. 601, 603. *Lord* v. *Cummings,* 303 Mass. 457, 459. It gives the Probate Court no jurisdiction or power that the Superior Court would not have were the case begun there. *Bennett* v. *Kimball,* 175 Mass. 199. *Green* v. *Gaskill,* 175 Mass. 265, 268. See also *Stowell* v. *Ranlett,* 238 Mass. 599. If a proceeding in equity would be a possible means of recovering the sum in question, and that sum if recovered would be an asset of the estate, then the statute gives the Probate Court jurisdiction of the present petition, so far as the parties may be before the court. *Walsh* v. *Mullen,* 314 Mass. 241, 244. *Malone* v. *Walsh,* 315 Mass. 484. *Donaghy* v. *Kerwin,* 317 Mass. 559, note.

The petitioner contends that the nonresident respondents were before the court because their acts amounted to a general appearance upon the petition. It is true that in some instances a general appearance of a nonresident in one proceeding has been held to bring him before the court for the determination of the whole controversy which is incidental to that proceeding and of which that proceeding forms a part. G. L. (Ter. Ed.) c. 227, § 2. *Aldrich* v. *E. W. Blatchford & Co.* 175 Mass. 369. *Adams* v. *Grundy & Co. Inc.* 256 Mass. 246. *Murray* v. *Wood,* 144 Mass. 195, 197. *Wells* v. *Wells,* 209 Mass. 282, 290. *Dadmun* v. *Dadmun,* 279 Mass. 217. *Parkhurst* v. *Almy,* 222 Mass. 27, 33, 34. *Michigan Trust Co.* v. *Ferry,* 228 U. S. 346. *New York Life Ins. Co.* v. *Dunlevy,* 241 U. S. 518. *Indiana Transportation Co., petitioner,* 244 U. S. 456. *Leman* v. *Krentler-Arnold Hinge Last Co.* 284 U. S. 448, 454.

But in the present case we think that there is no such connection between the proceeding in rem for the probate of the will, and the subsequent proceeding by the petitioner

to bring into the estate the sum in question, as to extend to that subsequent proceeding a voluntary appearance entered in the earlier proceeding. No such connection would exist if the subsequent proceeding were in the Superior Court. The fact that it is in the Probate Court makes no difference in principle. See *Gonzales* v. *Gonzales*, 240 Mass. 159.

*Decree affirmed.*