D. J. DOYLE & CO., PTY. LTD. *vs.* WILLIAM T. DARDEN &
others.

Suffolk. October 2, 3, 1951. — January 10, 1952.

Present: QUA, C.J., WILKINS, SPALDING, & WILLIAMS, JJ.

*Equity Pleading and Practice*, Intervention.

In a suit in equity to regain possession of unsold wool which the plaintiff,
retaining title, had consigned to the defendant for sale and to recover
the net proceeds of wool so consigned which had been sold by the
defendant, the trustee in bankruptcy of a corporation of which the
defendant had been an officer and sole stockholder could not rightly be
permitted to intervene to assert a claim, not to the wool or proceeds
thereof sought by the plaintiff, but based on allegations that the corpo-
ration had caused improper payments to be made by the corpo-
ration of its funds and funds of others to the plaintiff: the trustee's
claim was alien to the subject matter of the suit.

BILL IN EQUITY, filed in the Superior Court on Decem-
ber 19, 1949.

Interlocutory decrees overruling a demurrer by the plain-
tiff to a motion to intervene and allowing the motion were
reported by *Kirk*, J.

*J. C. Roy*, for the plaintiff.

*Lee M. Friedman*, (*L. L. Wadsworth, Jr.*, & *T. D. Burns*
with him,) for the intervener.

WILKINS, J. The plaintiff, a proprietary limited com-
pany organized under the laws of the Commonwealth of
Australia, has no usual place of business within the Com-
monwealth of Massachusetts. On December 19, 1949, the
plaintiff, through one Greenwood, an attorney in fact,
brought this bill in equity, which is in the nature of equitable
replevin as well as for an accounting of funds impressed
with a trust, against the defendant Darden, a wool broker
in Boston. The plaintiff alleges that on or about February
3, 1949, it shipped three hundred eighty-three bales of wool
to the value of more than $138,000 on consignment to the

defendant Darden, who received them on or about March 14, 1949. By the terms of the consignment the plaintiff retained title, the defendant having authority, terminable upon demand, to sell to persons and at prices approved by the plaintiff. The net proceeds of sales after expenses and the defendant's commissions were to be held in trust by the defendant for the plaintiff and remitted promptly. Other allegations are that the defendant sold one hundred seventeen bales, and paid the plaintiff $43,000; concealed or sold the remaining bales; and refused to return them or account for the proceeds. There are prayers for orders to deliver documents of title of all unsold wool, to pay over the net proceeds of the wool which was sold, and for an accounting. By an amendment Eastern Wool Warehouse, Inc., a Massachusetts corporation, having a usual place of business in Boston, was added as party defendant, and the allegation made that some or all of the wool is warehoused with it by Darden in his name or is secreted with it by Darden in other names, fictitious or real, unknown to the plaintiff.

Darden and the defendant warehouse company were duly served with process. An appearance was entered for Darden, but no answer filed. On January 26, 1950, by stipulation certain restraining orders were dissolved, and the authority of Greenwood was thereafter revoked.

On June 5, 1950, a motion to intervene was filed by one Gesmer, trustee in bankruptcy of William T. Darden, Inc. Notice of filing and of a hearing upon the motion was given by mail to counsel of record for the plaintiff, who attended the hearing and, appearing specially, filed a demurrer on the ground that the matters contained in the motion are insufficient in law to enable the trustee in bankruptcy to intervene. The plaintiff appealed from interlocutory decrees overruling the demurrer and allowing the motion. The plaintiff does not intend to prosecute further its suit, and the judge has reported the correctness of his rulings to this court. G. L. (Ter. Ed.) c. 214, § 30.

The intervener urges that the allowance of his motion was discretionary, and is appealable only for abuse of discretion. That is not invariably true, however. In equity, moreover, questions of discretion, like other questions of fact, are open on appeal. *Long* v. *George*, 296 Mass. 574, 579. The case at bar is neither a class suit, nor one where there is a fund in the hands of a court of equity for ultimate distribution to those entitled to it. In *Check* v. *Kaplan*, 280 Mass. 170, 179, where an order allowing a petition to intervene was reversed on appeal, these distinctions were made, and the court in an opinion by Rugg, C.J., at page 178, said: "Intervention is not an independent proceeding, but is ancillary and supplemental to existing litigation and must in the nature of things, unless otherwise provided by legislation, be in subordination to the main proceeding. A person can become an intervenor only upon a showing that he has a substantial interest in the subject matter of the original litigation. In the main, those persons alone whose interests are in direct issue, or would be affected by the final determination on the issues raised in the cause, can rightly be permitted to intervene. An intervenor comes into the proceedings to assert a right superior or antagonistic to some or all of the parties touching the subject matter of the litigation. He cannot be permitted to assert a claim alien to that subject matter. A stranger to a proceeding can have no interest, in a legal sense, in the claim asserted in a personal action, unless he is a necessary party, in order adequately to enforce or to contest such claim. *Dillaway* v. *Burton*, 256 Mass. 568, 576." See *Pearson* v. *Mulloney*, 289 Mass. 508, 514; *Piper* v. *Childs*, 290 Mass. 560, 565; *National Radiator Corp.* v. *Parad*, 297 Mass. 314, 318; *Eno* v. *Prime Manuf. Co.* 314 Mass. 686, 703; 2 Am. Jur., Appeal & Error, § 68.

According to the motion to intervene, the defendant Darden is president, treasurer, and sole stockholder of William T. Darden, Inc., a Massachusetts corporation, which was adjudicated a bankrupt on April 14, 1950. In November, 1948, the plaintiff and the defendant Darden

made an agreement pursuant to which on or about February 3, 1949, the plaintiff shipped to the defendant Darden on consignment two hundred fifty-six bales of wool at an invoice price of $81,460 for which the defendant Darden advanced $20,060 of corporate funds. The defendant Darden being unable to sell the wool at prices satisfactory to the plaintiff, in May, 1949, "a scheme was concocted" between the plaintiff and the defendant Darden that the wool be sold to William T. Darden, Inc., for $63,712.26, to be paid from the proceeds of other wools consigned to the corporation by local concerns and to which the corporation had no title. The corporation paid $43,000 to the plaintiff between May 5, 1949, and November 15, 1949, and on February 3, 1950, the defendant Darden, with intent to prefer the plaintiff, paid it $20,712.26 additional of the corporation's funds. These payments resulted in the defrauding of other creditors of the corporation, which is now substantially without assets. The defendant Darden also is without assets, and has left the Commonwealth. The motion prays for an accounting of "all monetary transactions between the plaintiff, the defendant, the corporation and all of them"; that the trustee in bankruptcy "have judgment" for all moneys withdrawn from the corporation and paid to the plaintiff or Greenwood in fraud of creditors; and that the plaintiff and Greenwood be ordered to pay to the trustee in bankruptcy all sums paid to the plaintiff or Greenwood in fraud of creditors or as a preference under the bankruptcy act.

It is obvious that the intervener has no interest, substantial or otherwise, in the subject matter of the original litigation, the purposes of which are to regain possession of wools to which, if unsold, the plaintiff had retained title or, if sold, to recover their proceeds held in trust. The intervener is trustee in bankruptcy of a corporation not a party to the original litigation. While he asserts one cause of action against the defendant Darden and another against the plaintiff, he does not dispute, any more than the bankrupt ever disputed, the plaintiff's title to the actual wool

which is the subject of this bill in equity. He does not undertake to assert, and, so far as appears, could not assert, any right of Darden individually. The intervener's causes of action arise out of the allegation that the proceeds of other people's wools were used to pay for part of the plaintiff's wool. But there is still no denial by the bankrupt of the plaintiff's title to the wool or right to any proceeds Darden may be holding in trust, as alleged in the bill. It cannot properly be said that the bankrupt's interests are in direct issue in the original cause or would be affected by the final determination of the issues there raised. The bankrupt would not be a necessary, or even a proper, party to such issues. The intervener is trying to assert a claim alien to the subject matter of the main litigation. He could not rightly be permitted to intervene.

The intervener's brief asserts that the wool and its proceeds, title to which is claimed in the plaintiff's bill, are the same wool and the same proceeds to which the intervener claims title in its motion to intervene. The motion, however, makes no claim to any actual wool, and contains no prayer concerning it. As matter of interpretation, there are no conflicting claims to the same bags of wool. The plaintiff in its bill alleges the receipt of $43,000 from the defendant Darden. The intervener's motion alleges that this sum was taken from corporate assets. The bill, however, seeks no relief as to the $43,000, and the reference to it is simply a factual recital of transactions completed to that total amount, thus at the very outset limiting the scope of the bill to such bales as are unsold or unaccounted for. There are no conflicting claims to any $43,000 fund. The intervener also argues that the bill in equity is the device which the plaintiff has adopted to enrich itself at the expense of the bankrupt. It is a sufficient answer that no decree within the scope of the bill would transfer to the plaintiff any wool, money, or other property of the bankrupt.

We do not find it necessary to discuss the question whether the court could acquire jurisdiction over the plaintiff in the intervener's cause of action in the manner attempted

without attachment of property, service of process, or general appearance. See *Pennoyer* v. *Neff,* 95 U. S. 714; *Eliot* v. *McCormick,* 144 Mass. 10; *Hildreth* v. *Thibodeau,* 186 Mass. 83, 84; *Pond* v. *Simpson,* 251 Mass. 325; *Creed* v. *Keyes,* 318 Mass. 504; *Rosenthal* v. *Maletz,* 322 Mass. 586, 590, 595.

The interlocutory decrees are reversed. New decrees are to be entered sustaining the plaintiff's demurrer, and denying the motion to intervene.

*So ordered.*