TOWN OF SANDWICH *vs.* MARILYN PANCIOCCO, trustee.[1]

No. 98-P-900.

Suffolk. December 6, 1999. - February 11, 2000.

Present: PERRETTA, GILLERMAN, & GELINAS, JJ.

*Land Court,* Registration proceedings. *Real Property,* Certificate of title, Encumbrance, Registered land. *Subdivision Control,* Plan. *Way,* Private: extent.

A Land Court judge correctly concluded that a land registration decree plan showing a twelve foot wide private road as a boundary prevailed over a subsequent decree of confirmation of adjacent land without registration showing the road laid out as forty feet wide in order to satisfy planning board requirements. [559-562]

CIVIL ACTION commenced in the Land Court Department on October 4, 1996.

The case was heard by *Leon J. Lombardi,* J., on motions for summary judgment, and entry of a separate and final judgment was ordered by him.

*Gregory M. Downs* for the defendant.

*Jonathan M. Silverstein* for the plaintiff.

GILLERMAN, J. This controversy is rooted in an inconsistency between the decree plan in a Land Court registration case and the final confirmation plan in a confirmation without registration case which affects the width of a road. We conclude, as did the judge of the Land Court, that the provisions of the decree plan prevail over the confirmation plan, and we affirm the declaratory judgment entered below in favor of the town of Sandwich (town), the current owners of the registered land. See note 1.

---

[1] Of the Pine Hill Realty Trust. The amended complaint includes as a defendant the Sandwich Water District. Count I, however, is against Marilyn Panciocco as trustee only, and the separate and final judgment in favor or the town of Sandwich, which is before us in these proceedings, was entered with respect to count I only.

*Background facts.* The material facts are undisputed.[2] On May 10, 1974, after a petition for registration of title, see G. L. c. 185, § 26, had been filed in the Land Court by Joseph J. Sullivan and Michael Vaughan, case no. 37821, regarding a certain parcel of land in Sandwich (registered parcel), the Land Court made due service upon the New England Merchants National Bank (bank), as trustee under the will of Franklin E. Smith. On August 2, 1977, a registration decree[3] was entered confirming fee simple title to the registered parcel in the names of Sullivan and Vaughan, to whom an original certificate was issued. See G. L. c. 185. On the back of the registration decree the following endorsement appears: "I have read the within decree and hereby assent to its issuance. [signed] Virginia Aldrich, atty. for N.E. Merchants Bank, Trustee."

The registration parcel is shown on a "Plan of Land in Sandwich" prepared by Charles B. Vail, surveyor, dated October 29, 1972. The plan was filed with the court as plan no. 37821A (decree plan). See Appendix A to this opinion. (In his decision the judge wrote that the notations on the decree plan — "First Confirmation Parcel," "Second Confirmation Parcel," and "Registration Parcel" — were inserted by him).

The registration decree and the certificate of title described the registered parcel as being bounded, in part, by "Pine Hill Road and land now or formerly of [the bank]." The registration decree also stated that "[a]ll of said boundaries, *except the edge of upland and Pine Hill Road,* are determined by the Court to be located as shown on a plan drawn by Charles B. Vail, Surveyor, dated October 29, 1972, as modified and approved by the Court . . . . So much of the land hereby registered as is included within the limits of said Pine Hill Road is subject to the rights of all persons lawfully entitled thereto in and over the same." (Emphasis added.)

Most important for present purposes, the decree plan identified the way between the registered parcel and the land owned by the bank as trustee as "Pine Hill (private — *12ft. wide*) Rd." and "a.k.a. Pond Rd. and Kerns Mountain Rd." (emphasis added). See Appendix A. As shall soon appear, the width of the Pine Hill Road is the focus of this case.

---

[2]The judge made "findings of fact" in this summary judgment case. All the material findings to which we refer relate to documents of record that are not disputed by the plaintiff.

[3]Now called a "judgment of confirmation and registration." See G. L. c. 185, § 45.

We turn to the complaint for confirmation without registration.[4] See G. L. c. 185, § 26A. That complaint had been commenced by the bank as trustee under the will of Franklin E. Smith, and service on the town was properly made on April 24, 1980 (confirmation case).[5]

The confirmation case, no. 39248, concerned three parcels of land in Sandwich, two of which bear on this case — the first confirmation parcel and the second confirmation parcel.[6] The petition plan showed Pine Hill Road as being *forty feet wide* as well as indicating the location of the more narrow existing traveled way within the layout. A copy of a portion of the petition plan showing Pine Hill Road, and the legend — "40 foot layout for use by Land Owners. Sandwich Planning Board requires a road at least 40ft. in width" — appears in Appendix B to this opinion. Appendix B also shows, the judge noted, "the existing traveled way darkened to show location." The final plan in the confirmation case — which makes reference to "Sullivan-Vaughan L.C. No. 37821A" — appears as Appendix C.[7] This plan continued to state, "Pine Hill (private — 40.00 wide)."

The decree in the confirmation case stated, "[S]o much of [the first and second confirmation parcels] as is included within the limits of said Pine Hill Road is subject to the rights of all persons lawfully entitled thereto in and over the same, and there is appurtenant to [the first confirmation parcel] the right to use

[4] "Confirmation [proceedings, without registration, in the Land Court, see G. L. c. 185, § 56A,] provide[] the plaintiff with an in rem decree of the court that title is in the plaintiff's name as of a certain date according to an accompanying plan subject to encumbrances listed. The land does not move over to the registered side of the registry. It remains on the recorded side." Crocker's Notes on Common Forms, § 1106, at 783 (8th ed. 1995).

[5] The town did not acquire the registered parcel that abuts Pine Hill Road until 1986, as noted *infra*. The record does not disclose the rationale for service on the town in 1980 regarding the confirmation proceedings. The defendant's brief provides no explanation for such service. The brief filed by the town suggests that notice to the town is required if there were any question of the confirmation proceedings affecting a public way. See G. L. 185, § 39. Since Pine Hill Road intersected with Discovery Hill Road, a public way, notice to the town may have been required. We express no opinion on whether notice to the town was required by § 39.

[6] The third parcel is not affected by this action, and we make no further mention of it.

[7] The defendant's brief notes that a "modified version" of the petition plan became the "confirmation plan." The brief gives no record reference to what was modified.

Pine Hill Road, as shown on said [confirmation] plan, to and from said land and Discovery Hill Road, in common with all other persons lawfully entitled thereto."

On September 4, 1986, more than six years after the town was served with notice of the confirmation proceedings, the town acquired title to the registered parcel, see Appendix A, by deed from Sullivan and Vaughan, and certificate no. 107855 was issued in the name of the town. Then, by mesne conveyances, the defendant acquired title on September 11, 1995, to the first confirmation parcel, see Appendix A, originally owned by the bank as trustee (the bank subsequently became the Bank of New England, N.A.). The second confirmation parcel had been acquired by the town's water district in 1992. See note 1, *supra.*

In the fall of 1996, the defendant cleared trees and removed stumps, and then rough graded a forty foot wide roadway along Pine Hill Road. This litigation followed.

*Discussion.* The defendant does not dispute the judge's observation that the widening of Pine Hill Road to forty feet has the effect of extending into the town's registered parcel and, to that extent, would make the town's registered parcel a servient estate without that encumbrance ever having appeared on the town's certificate of title. See G. L. c. 185, § 46 (holders of a certificate of title take "free from all encumbrances except those noted on the certificate").

Nevertheless, the defendant argues that the judge was wrong in deciding that the decree plan prevails. The defendant's reasons are: (i) the town was a "party" to the confirmation proceedings and is bound by the decree entered in that case; (ii) the requirements of G. L. c. 185, § 86 (no civil action affecting the title to land shall have any effect on registered land unless a qualifying memorandum is filed and registered),[8] upon which the judge relied, does not, by its terms, extend to the parties to a civil action which would affect the title to land, and since the town was a party to the confirmation proceedings, a memorandum was not required; (iii) the defendant purchased the first confirmation parcel in good faith, for value, and in reliance on the recorded confirmation decree and plan which shows the

[8]General Laws c. 185, § 86, provides, in part, "No civil action . . . or other proceeding affecting title to land . . . shall have any effect upon registered land as against persons other than the parties thereto, unless a [qualifying] memorandum . . . is filed and registered."

forty-foot right of way. That decree and the confirmation plan, the argument continues, were entered and recorded prior to the town's purchase of the registered parcel. We reject each of those arguments.

First, the town was not a party to the defendant's confirmation case. The defendant's claim is based entirely on the fact that the town was served with notice of the confirmation petition even though that service was more than six years *before* the town purchased the registered parcel. See note 4, *supra*.

Until the town purchased the registered parcel in 1986, it had no cognizable interest in, and no reason to be concerned with, the registered parcel or in Pine Hill Road. Indeed, Pine Hill Road had been discontinued as a public way in 1975, five years before the town was served with notice of the confirmation case. The purpose of notice in proceedings affecting title to land is to notify those who have, or may have, an interest in the proceedings, that they may appear and be heard. The town had no cognizable interest when served. For example, the town would have had no right to intervene as a party in the confirmation proceedings. See Mass.R.Civ.P. 24, 365 Mass. 769 (1974). See also *D. J. Doyle & Co.* v. *Darden*, 328 Mass. 288, 290 (1952). Since the town was not a party to the confirmation case, it is not bound by the confirmation decree. See Restatement (Second) Judgments § 43 (1982) ("A judgment in an action that determines interests in real or personal property: (1) With respect to the property involved in the action: (a) Conclusively determines the claims of the *parties* to the action regarding their interests . . .") (emphasis added). The defendant failed, without justification, to comply with the provisions of G. L. c. 185, § 86, to record and file a memorandum, and the judge was not in error in that respect.[9]

Second, that the defendant purchased the *unregistered* first confirmation parcel in reliance on the confirmation decree did not endow the defendant with the right to impose a servient estate on a portion of the town's registered parcel. See *Tetrault* v. *Bruscoe*, 398 Mass. 454, 461 (1986) ("[i]n order to affect registered land as the servient estate, an easement must appear

---

[9]The defendant also argues that the decree in the registration proceedings did not "define the boundaries" of Pine Hill Road. In fact, the decree left undetermined "the *edge* of upland and Pine Hill Road." It did *not* leave undetermined the *width* of Pine Hill Road. The decree plan determined that width to be twelve feet. See Appendix A.

on the certificate of title. . . . To hold otherwise would undermine the integrity of the registration system"). See also *Jackson* v. *Knott*, 418 Mass. 704, 710 (1994).

Of course, as *Jackson* points out at 711, if the town had actual knowledge of a prior unregistered interest, then its registered parcel might have been subject to the claimed easement. However, the defendant has made no showing that the town, when it purchased the registered parcel on September 4, 1986, had actual knowledge of the claims made in the confirmation proceedings commenced in April, 1980. The fact that in April, 1980, the town received notice of the commencement of confirmation proceedings does not help the defendant. In 1980, the town had no interest in land which might be adversely affected by a confirmation decree, and, therefore, the notice, left unexplained, was of no interest to the town. "Actual knowledge," to which *Jackson* refers at 711, is a basis for charging a person with notice of a fact, see *Demoulas* v. *Demoulas*, 428 Mass. 555, 575 (1998), but absent any reason for the town to believe that the fact — the commencement of the confirmation proceedings — adversely affected an interest of the town, "actual knowledge" of the confirmation proceedings had no legal significance and cannot now prejudice the town. Cf. *Killen* v. *March*, 316 Mass. 646, 652 (1944) (buyer of registered land informed of encumbrances by purchase and sale agreement); *Wild* v. *Constantini*, 415 Mass. 663, 669 (1993) (petitioner for registration had knowledge of the encumbrance at the time petition filed); *Feldman* v. *Souza*, 27 Mass. App. Ct. 1142, 1143-1144 (1989) (owner of dominant estate informed buyer, prior to purchase of registered land, of the encumbrance).

Indeed, the defendant's argument has merit only when it is turned upside down. It was the bank, the defendant's predecessor in title, that had received notice in 1974 of the commencement, by Sullivan and Vaughan, of registration proceedings which affected the bank's land, and it was the bank that assented to the 1977 registration decree, the plan of which showed Pine Hill Road as being only twelve feet in width. The bank's assent is binding on the defendant as the bank's successor in title. Further, as the judge appropriately observed, "the Bank should have realized [in 1980] it was, in effect, asserting an adverse claim against registered land when its surveyor created, *without apparent authority*, a forty foot layout to benefit adjacent landowners and to satisfy the requirement of the Town's Planning Board" (emphasis added).

Finally, the final plan in the confirmation case, Appendix C, specifically referred to "Sullivan-Vaughan L. C. No. 37821A." It would be reasonable to expect that the bank would have reviewed Land Court case no. 37821A, which would have revealed Sullivan and Vaughan's registered parcel, showing Pine Hill Road with a width of twelve feet, not forty feet. See *Jackson* v. *Knott*, 418 Mass. at 712.

*Judgment affirmed.*