## CALVIN SKINNER & another *vs.* HENRY KING.

If, after a written contract has been entered into by which two persons agree jointly to manufacture and deliver certain articles, another person is substituted for one of them, and it is orally agreed by all the parties that the person so substituted and the other original contractor shall execute the contract according to its terms, and they proceed to do so, they may maintain an action in their own names for a breach thereof by the person for whom the articles were to be manufactured.

Evidence of a set-off is not admissible, unless pleaded.

CONTRACT brought against the defendant by Calvin Skinner and Seth B. Tice. The declaration alleged that Skinner and Marcus Tupper entered into a written contract with the defendant, by which they agreed to manufacture for him one million of brick upon certain terms and conditions to be observed and performed by each party; that, after certain preparations had been made for the fulfilment thereof by Skinner and Tupper, it was mutually agreed that Tupper should be discharged by the defendant from the obligations of the contract, and that Tice should be substituted in his place, and that Skinner and Tice should fulfil the same according to the terms thereof; and that they accordingly proceeded to do so, but the defendant failed and refused to perform the stipulations on his part. The answer denied various of the allegations in the declaration; and a declaration in set-off was also filed, for various cash items and a promissory note.

At the trial in the superior court, before *Vose*, J., the defendant asked the court to rule that evidence of the above facts would not enable the plaintiffs to maintain the action in their own names. The judge declined so to rule, and instructed the jury that if, with the consent of the defendant, Tupper sold out his interest in the contract to Tice, and Skinner and Tice agreed with the defendant to manufacture the brick for him on the terms mentioned in the contract, and Tupper with the consent of the defendant left the work, and Skinner and Tice proceeded to make the brick upon those terms, they might maintain the action.

The defendant offered to show, by one Knox, that he made and furnished to the plaintiffs six thousand unburnt brick, which were set in the first kiln, and afterwards counted out to him under the contract; but the evidence was excluded.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*E. D. Beach*, for the defendant.

*W. G. Bates*, for the plaintiffs.

METCALF, J. The jury have found, under the instructions given to them, that Tupper, with the consent of the defendant, sold to Tice his (Tupper's) interest in the written contract between the defendant and Skinner and Tupper, and that Skinner and Tice agreed with the defendant to manufacture for him the number of bricks mentioned in that written contract, and on the terms therein mentioned; that Tupper, with the defendant's consent, left the work of making the bricks, and that Skinner and Tice proceeded to make them on those terms.

Upon these facts, this action is rightly brought in the names of Skinner and Tice. It is not brought for a breach of the written contract, but for the breach of a valid oral contract between the defendant and these plaintiffs, of which the terms are the same as were the terms of the written contract between the defendant and Skinner and Tupper. No writing is necessary to the validity of an agreement between A. and B. that A. will perform services for B. on the same terms upon which he has agreed with C., in writing, to perform like services for him, unless his agreement with C. is within the statute of frauds.

The testimony of Knox was properly excluded. It was offered for the purpose of supporting a set-off, and was not admissible under the defendant's answer. *Exceptions overruled.*