METROPOLITAN LIFE INSURANCE COMPANY *vs.* CARMELA DeNICOLA.

Worcester.    September 26, 1944. — December 28, 1944.

Present: FIELD, C.J., LUMMUS, QUA, WILKINS, & SPALDING, JJ.

*Insurance,* Life: incontestability clause, rescission of policy. *Waiver.*
*Equity Pleading and Practice,* Waiver. *Survival of Action. Equity*
*Jurisdiction,* Rescission.

An incontestability clause contained in a life insurance policy in accordance with G. L. (Ter. Ed.) c. 175, § 132, is not a limitation of action, but merely requires the insurer to contest the policy within two years after the date of its issuance by setting up its invalidity in some judicial proceeding.

An insurer which, within two years after the date of its issuance of a life insurance policy, brought suit against the insured to avoid the policy on the ground that it had been obtained by false representations made by him, was not barred by an incontestability clause contained in the policy in accordance with G. L. (Ter. Ed.) c. 175, § 132, from seeking such relief against the beneficiary of the policy where, after the expiration of such two years, the insured died and the beneficiary was substituted as defendant in the suit.

A beneficiary of a life insurance policy, who, upon the death of the insured, was substituted for him as defendant in a suit in equity by the insurer to avoid the policy and who appeared, answered and defended the suit on the merits, was not entitled, on appeal from a decree for the insurer, to contend for the first time that the right to maintain the suit did not survive the death of the original defendant.

The right of the insurer under a life insurance policy to maintain a suit in equity to avoid the policy on the ground that it had been obtained by false representations of the insured survives the death of the insured.

BILL IN EQUITY, filed in the Superior Court on July 28, 1941.·

After a trial of issues before a jury, a final decree for the plaintiff was entered by order of *Donnelly,* J.

In this court the case was submitted on briefs.

*Nicholas Fusaro & Nunziato Fusaro,* for the defendant.

*L. E. Stockwell, G. R. Stobbs, & S. B. Tilton,* for the plaintiff.

LUMMUS, J.  This bill in equity to set aside and avoid a policy of life insurance containing the incontestability clause hereinafter quoted, issued by the plaintiff on October 1, 1939, on the ground that the insured, Giuseppe DeNicola, obtained the policy by false representations, was filed on July 28, 1941, in his lifetime.  *Metropolitan Life Ins. Co. v. Burno,* 309 Mass. 7.  *Jefferson Standard Life Ins. Co. v. Keeton,* 292 Fed. 53.  *New York Life Ins. Co. v. Seymour,* 45 Fed. (2d) 47, 73 Am. L. R. 1523.  *American Life Ins. Co. v. Stewart,* 300 U. S. 203, 111 Am. L. R. 1268.  *New York Life Ins. Co. v. Truesdale,* 79 Fed. (2d) 481.  *New York Life Ins. Co. v. Rigas,* 117 Conn. 437.  *Equitable Life Ins. Co. v. Mann,* 229 Iowa, 945.

After his death, which occurred on October 2, 1941, one day after the policy became incontestable, this bill in equity was prosecuted against Carmela DeNicola, the beneficiary named in the policy, who was substituted as defendant by amendment allowed on November 12, 1941. She appeared, answered, and defended the case before a jury on issues.  The answers of the jury upon the issues submitted to them were in substance that the insured obtained the policy by misrepresentations contained in his application with respect to a matter that increased the risk of loss (G. L. [Ter. Ed.] c. 175, § 186; *Metropolitan Life Ins. Co. v. Burno,* 309 Mass. 7), but had no actual intent to deceive the plaintiff.  By the final decree the plaintiff was awarded costs, the policy was annulled, and the defendant beneficiary was permanently enjoined against suing on the policy.  She appealed.

There are two defences, (1) that the provision in the policy making it "incontestable after it has been in force during the lifetime of the Insured for a period of two years from its date of issue" (*Mutual Life Ins. Co. v. Hurni Packing Co.* 263 U. S. 167; *State Mutual Life Assurance Co. v. Stapp,* 72 Fed. [2d] 142; *Amoskeag Trust Co. v. Prudential Ins. Co.* 88 N. H. 154; *Prudential Ins. Co. v. Prescott,* 115 Fla. 365), with immaterial exceptions, bars relief against the beneficiary, who was not made a party until after that period had ended, and (2) that the right

to maintain the suit did not survive the death of the insured.

1. The provision for incontestability in the policy conforms to G. L. (Ter. Ed.) c. 175, § 132. It is designed to require the insurer to investigate and act with reasonable promptness if it wishes to deny liability on the ground of false representation or warranty by the insured. It prevents an insurer from lulling the insured, by inaction, into fancied security during the time when the facts could best be ascertained and proved, only to litigate them belatedly, possibly after the death of the insured. The insurer, within the period prescribed by the policy, must contest the policy, that is, must set up its invalidity in some judicial proceeding, by way either of attack or of defence. *American Life Ins. Co.* v. *Stewart,* 300 U. S. 203, 111 Am. L. R. 1268. *Great Southern Life Ins. Co.* v. *Russ,* 14 Fed. (2d) 27. *Peake* v. *Lincoln National Life Ins. Co.* 15 Fed. (2d) 303. *Densby* v. *Acacia Mutual Life Association,* 78 Fed. (2d) 203, 64 App. D. C. 319, 101 Am. L. R. 863. *Lanier* v. *New York Life Ins. Co.* 88 Fed. (2d) 196. *New York Life Ins. Co.* v. *Rigas,* 117 Conn. 437. *Powell* v. *Mutual Life Ins. Co.* 313 Ill. 161. *Amoskeag Trust Co.* v. *Prudential Ins. Co.* 88 N. H. 154. *Killian* v. *Metropolitan Life Ins. Co.* 251 N. Y. 44, 64 Am. L. R. 956. 29 Am. Jur., Insurance, §§ 898, 899.

But the provision for incontestability is not, as has sometimes been thought, a limitation of actions. That provision speaks of contests, not of actions. If within the prescribed period the insurer acts, by way either of bringing suit or of making defence in a judicial proceeding brought against it, to relieve itself from liability under the policy, it has made a contest, and the provision in question is satisfied. It is immaterial that some procedural difficulty prevents the final determination of that contest in the suit or action in which it is begun. The contest remains, although the particular proceeding for its determination fails. In the present case the insurer began its contest within the prescribed time, and that contest still continues, no matter whether the suit against the beneficiary

be deemed a continuation of the suit against the insured or a new proceeding. Nothing in the statute or the policy provides that a decree annulling a policy should not be entered in a suit begun after the end of the prescribed period of contestability if before the end of that period the insurer had begun its contest.

2. The defendant beneficiary appeared and answered and tried the merits of the suit, apparently without making any contention that the suit abated because of the death of the insured and could not be revived against the defendant beneficiary by amendment. So far as appears, it was only after being defeated on the merits that the defendant beneficiary made such a contention in her brief. In our view, the defendant beneficiary may not now contend that she was not properly before the court after joining issue on the merits and seeking a favorable decision on them. This is true even though the case against the defendant beneficiary be deemed a new case. *Faulkner* v. *Lowell Trust Co.* 285 Mass. 375, 377. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 54. *Albano* v. *Puopolo*, 309 Mass. 501, 511. *Drury* v. *Hartigan*, 312 Mass. 527, 530. *Grant Brothers Construction Co.* v. *United States*, 232 U. S. 647, 661. See also *Busiere* v. *Reilly*, 189 Mass. 518, 519; *Medlinsky* v. *Premium Cut Beef Co.*, *ante*, 25.

But we think that the suit against the insured did not abate at his death, and could be prosecuted against the new defendant. It is true that a suit in equity brought merely to recover damages for fraud abates upon the death of either party, just as an action at law for deceit does. *Houghton* v. *Butler*, 166 Mass. 547. *Peek* v. *Gurney*, L. R. 6 H. L. 377, 392–395. And to come within the saving provision of G. L. (Ter. Ed.) c. 228, § 1, that "actions . . . for damage to real or personal property" shall survive, specific property must have been damaged. *Piper* v. *Childs*, 290 Mass. 560, 565, and cases cited. But where a plaintiff has a right in the nature of a right of property, such as the right to have a contract annulled for fraud or mistake, and is entitled to equitable relief founded on that right, he needs no statute to cause that right and a

suit founded on it to survive the death of the other contracting party. *Cheney* v. *Gleason*, 125 Mass. 166, 174. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 104. *Houghton* v. *Butler*, 166 Mass. 547, 548. *Wineburgh* v. *United States Steam & Street Railway Advertising Co.* 173 Mass. 60, 61. *Parker* v. *Simpson*, 180 Mass. 334, 343. *Clark* v. *Seagraves*, 186 Mass. 430, 437. *Von Arnim* v. *American Tube Works*, 188 Mass. 515, 519, 520. *Batty* v. *Greene*, 206 Mass. 561, 564, et seq. *Lovejoy* v. *Bailey*, 214 Mass. 134, 154, 155. *Lufkin* v. *Cutting*, 225 Mass. 599, 607. *Purcell* v. *Purcell*, 233 Mass. 62, 64. *Harvey* v. *Crooker*, 267 Mass. 279, 283. *Batthyany* v. *Walford*, 36 Ch. D. 269. *Concha* v. *Murrieta*, 40 Ch. D. 543. *Warner* v. *Flack*, 278 Ill. 303. *Houston* v. *Rosborough*, 295 Fed. 137.

*Decree affirmed with costs.*