MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY *vs.*
CHARLES E. SHATTUCK.

Suffolk. February 25, 1952. — April 3, 1952.

Present: LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Insurance*, Life insurance: incontestability clause, rescission of policy. *Equity Jurisdiction*, Other remedy. *Equity Pleading and Practice*, Demurrer.

A demurrer to the bill in a suit in equity based on the grounds of want of equity and the existence of a plain, adequate and complete remedy at law was properly overruled where the suit was brought by an insurer to cancel because of fraudulent representations a life insurance policy containing a provision that it should be incontestable after two years from its date, and the bill was filed after the death of the insured and within such two years at a time when no action against the insurer on the policy had been commenced; and the insurer's right to relief was not lost because an action against it on the policy was commenced by the beneficiary after the bill was filed and before the policy became incontestable.

A fact alleged in a demurrer to a bill in equity but not in the bill cannot be considered in support of the demurrer.

BILL IN EQUITY, filed in the Superior Court on April 3, 1951.

A demurrer by the defendant was overruled by *Forte, J.,* who reported such action.

The case was submitted on briefs.

*E. J. Duggan & E. Lyne,* for the plaintiff.

*H. A. Cregg & V. F. Stulgis,* for the defendant.

LUMMUS, J.   This bill in equity, filed April 3, 1951, alleges that the plaintiff was induced by false and fraudulent

representations by the defendant and one Ralph Shattuck, who died on December 12, 1950, to issue on July 27, 1949, a policy of insurance on the life of said Ralph Shattuck, payable to the defendant as beneficiary. The policy provided that it should be incontestable after two years from its date, July 27, 1949, or in other words after July 27, 1951. The bill alleges that the defendant is postponing an action on the policy until after that date. The plaintiff tendered to the defendant the amount of premiums received, but the tender was refused. The prayer was in substance for the cancellation of the policy.

The defendant demurred for want of equity and because the plaintiff had a plain, adequate and complete remedy at law. The judge in the Superior Court overruled the demurrer and reported the case.

In *Metropolitan Life Ins. Co.* v. *DeNicola*, 317 Mass. 416, 418, it was said that under such a provision for incontestability "The insurer, within the period prescribed by the policy, must contest the policy, that is, must set up its invalidity in some judicial proceeding, by way either of attack or of defence." Where no action is brought against the insurer on the policy, the only way in which the insurer can make a contest before the policy becomes incontestable is by bringing a bill in equity for cancellation of the policy, as the insurer has done in the present case. There is no want of equity in the bill, and no plain, adequate and complete remedy at law. *Metropolitan Life Ins. Co.* v. *DeNicola*, 317 Mass. 416.

Another alleged ground of demurrer consists of the assertion that the defendant has brought an action at law on the policy, and in his brief he asserts that that action at law was brought on April 6, 1951, three days after this bill in equity was filed. The demurrer in this respect was a speaking demurrer, improperly setting out facts not contained in the bill to which the defendant demurred. Such a demurrer cannot be sustained. *Pond* v. *Simpson*, 251 Mass. 325, 328. *Richards* v. *Richards*, 270 Mass. 113, 117. *Security Co-operative Bank* v. *McMahon*, 294 Mass. 399, 402.

*Rosenthal* v. *Maletz*, 322 Mass. 586, 588–589. *Boyle* v. *Building Inspector of Malden*, 327 Mass. 564, 567. But if we were to accept the assertion of the defendant that he brought an action at law on the policy on April 6, 1951, that would constitute no reason for dismissing this bill in equity. When this bill was filed on April 3, 1951, the plaintiff had a right to equitable relief. That right was not lost by the bringing of an action at law on April 6, 1951, in which, unless it should be discontinued, a contest might be made. *American Life Ins. Co.* v. *Stewart*, 300 U. S. 203, 215.

> *Interlocutory decree overruling demurrer affirmed.*