FRANK B. DAVENPORT, executor, *vs.* TOWN OF DANVERS.

Essex. December 27, 1954. — May 2, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Trespass. Water. Equity Jurisdiction*, Water rights, Trespass. *Danvers. Equity Pleading and Practice*, Demurrer.

A bill in equity against the town of Danvers alleging flooding of the plaintiff's land through damming of Emerson Brook by the town on its land to create a reservoir for its water system stated a cause of action for trespass and was not demurrable on the asserted ground of demurrer that the damming was done under the authority of and pursuant to St. 1926, c. 200, and that the plaintiff's remedy was under G. L. (Ter. Ed.) c. 79: the demurrer in effect was grounded on a fact which did not appear on the face of the bill and should have been set up in defence by plea or answer, that the town had complied with the requirements of c. 200 respecting a taking of the waters of the brook.

BILL IN EQUITY, filed in the Superior Court on March 1, 1954, by Francis B. Williams.

A demurrer to the bill was heard by *Rome*, J.

In this court the case was submitted on briefs.

*James A. Liacos*, for the plaintiff.

*William B. Sullivan, Jr.*, Town Counsel, for the defendant.

WILLIAMS, J. These are appeals from an interlocutory decree sustaining a demurrer to a bill in equity and from a final decree dismissing the bill. Since the commencement of the suit the original plaintiff has died and the appeals are now prosecuted by his executor. It is alleged in the bill that the plaintiff owned land in Middleton and the de-

fendant adjacent land to the south; that in 1950 the defendant caused a dam and pumping station to be built on its land and across a nonnavigable brook called Emerson Brook; that this brook ran first through the plaintiff's land and then through the defendant's land; and that the dam and pumping station were built to create a reservoir for storing water for the town's water supply. It is further alleged that the maintenance of the dam has caused and is causing the waters of the brook to rise and overflow the plaintiff's land, and he prays for an injunction against the flooding and for a determination of his damage.

The demurrer avers (1) that the damming of the brook was done in pursuance of St. 1926, c. 200, and that as the acts of the defendant are by legislative authority they do not constitute a trespass; (2) that the plaintiff has an adequate remedy under G. L. (Ter. Ed.) c. 79; and (3) that the plaintiff does not state a cause of action.

In our opinion the demurrer should have been overruled. The plaintiff makes no claim of a taking of his land or of any interest therein for which he would have a remedy under G. L. (Ter. Ed.) c. 79. The alleged flooding from which he seeks relief, unless justified, is in effect a trespass (*Diamond* v. *North Attleborough,* 219 Mass. 587, 591) for which he may recover damages (*Belkus* v. *Brockton,* 282 Mass. 285) and, if continued, might, on the facts alleged, obtain an injunction. *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 110. *Suburban Land Co. Inc.* v. *Billerica,* 314 Mass. 184, 194. It is clear that the town derived no authority for the flooding from the mill acts, G. L. (Ter. Ed.) c. 253, which relate only to the construction and maintenance of dams for water mills. See *Duncan* v. *New England Power Co.* 225 Mass. 155; *Dickinson* v. *New England Power Co.* 257 Mass. 108. Its principal reliance is on St. 1926, c. 200, a legislative enactment of which we take judicial notice. *Brodsky* v. *Fine,* 263 Mass. 51, 54. This statute authorizes the taking of the waters of Emerson Brook by the town for use in its water supply system and provides in considerable detail the manner in which the

taking shall be made and the necessary dams, reservoirs, and pumping stations constructed. The averment as ground of demurrer that the brook was dammed in pursuance of the statute amounts to an assertion that in fact the requirements of the statute were complied with, and constitutes a speaking demurrer. *Pond* v. *Simpson*, 251 Mass. 325, 328. *Security Co-operative Bank* v. *McMahon*, 294 Mass. 399, 402. A demurrer properly only lies to what appears on the face of the bill (*Rosenthal* v. *Maletz*, 322 Mass. 586, 588–589), and facts not there alleged, if relied upon as matter of defence, must be set forth by way of plea or answer. The interlocutory and final decrees are reversed. An interlocutory decree overruling the demurrer is to be entered and the case to stand for further proceedings.

*So ordered.*