LORANGER CONSTRUCTION CORPORATION vs. THE E. F. HAUSERMAN COMPANY. January 12, 1973. The plaintiff, Loranger Construction Corporation, appeals from an order of the Superior Court denying its motion for leave to file a second substituted declaration. Prior to this, demurrers to the original declaration and a first substituted declaration had been sustained. Ordinarily, a motion for leave to amend is within the trial judge's discretion and is not appealable under G. L. c. 231, § 96. *Means* v. *Leveroni,* 297 Mass. 61, 64. *Abrams* v. *Factory Mutual Liability Insurance Company,* 298 Mass. 141, 146. In the instant case, however, the trial judge stated as his reason for denial: "Court being of opinion there is no cause of action." This is a ruling of law as to a matter apparent on the record, in the circumstances is decisive of the case, and hence is appealable under § 96. Looking at count 1 of the plaintiff's amended declaration, we find that it does set out a cause of action in contract. It alleges an agreement, a breach and the resultant damages. *Clark* v. *Gulesian,* 197 Mass. 492. *Daddario* v. *Pittsfield,* 301 Mass. 552. It is only necessary that the plaintiff state the substantive facts necessary to constitute the cause of action with substantial certainty. G. L. c. 231, § 7. The order denying the plaintiff's motion for leave to amend is reversed and an order is to be entered allowing that motion.

*So ordered.*

*Donald J. Fleming* for the plaintiff.
*James M. Cronin* for the defendant.

JOHN T. HIGGINS, JR. & another vs. IRENE TREFRY, executrix. January 15, 1973. This is an action of tort for personal injuries. The case was tried to a jury which returned verdicts for the defendant. The plaintiffs filed a motion for a new trial on the grounds that the verdicts were against the law, the evidence, and the weight of the evidence and that the judge had misdirected the jury in his charge in two areas. No exception was taken to the charge at the trial. The motion was denied, and the plaintiffs' exception to the denial is now before us. Such a motion is addressed to the discretion of the judge. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348. *Hathaway* v. *Checker Taxi Co.* 321 Mass. 406, 412. We discern no abuse of this discretion. We have examined the part of the judge's charge set out in the record and find no error.

*Exceptions overruled.*

*Louis Kerlinsky* for the plaintiffs.
*Charles K. Bergin, Jr.,* for Irene Trefry, executrix.