*Municipal Court of the*
*City of Boston*
No. 261710

**JOHN MacLELLAN**

**v.**

**ACE RECORDING STUDIOS, INC.**

Argued: Apr. 27, 1973 - Decided: Sept. 19, 1973

*Present:* Lewiton, C.J., Morrissey, Canavan, JJ.

Case tried to *Elam, J.*

**Canavan, J.** This is an action of contract to recover for services rendered. The defendant answered general denial, payment, compromise and satisfaction, statute of limitations, statute of frauds and accord and satisfaction.

**At the trial there was evidence tending to show that** the plaintiff was a free lance radio announcer and actor who had been employed by the defendant from time to time, since the

1950's to do various broadcasting tasks for the defendant. The plaintiff in the present suit is seeking to be paid for several broadcasting tasks he said he performed for the defendant, during the period from July 6, 1965 to August 11, 1967, and amounting to $2,964.00, for which the plaintiff said he was not paid.

There was further evidence tending to show that according to the defendant's records, the plaintiff did not perform all of the services he claims during this period, and further that in some instances the plaintiff's charges exceeded those which were agreed upon.

There was also evidence tending to show that sometime prior to October 14, 1964, the plaintiff approached one Milton Yakus, the Treasurer and Managerial Director of the defendant corporation, and arranged to use the defendant's facilities for a group called Modern Drama Productions; that Yakus told the plaintiff that he would look to him personally for payment of this account; that the following month, to wit, November 1964, the plaintiff told Yakus that Modern Drama Productions has been incorporated and that the corporation, of which the plaintiff owned 25% of the stock, should be billed for future services provided by the defendant; that Yakus told the plaintiff at this time that he was relying on the plaintiff's credit and was continuing to look to him personally for payment of this account. Modern Drama Productions, Inc., was

incorporated under the General Laws of the Commonwealth on October 15, 1964.

There was further testimony by Yakus that when the Modern Drama Account became greatly overdue he informed the plaintiff that he would begin "crediting" [sic] the plaintiff's receivable account with the debit account of Modern Drama. The last entry of the plaintiff's running receivable account kept by the defendant showed a balance of $1,603.60 due the plaintiff from the defendant, and the last entry on the account of Modern Drama showed a balance of $2,192.03 due to the defendant.

At the close of the evidence and before final arguments the defendant made the followng requests for rulings, on which the judge ruled as indicated herein:

"1. On all the evidence there ought to be a finding for the defendant. *Denied.*

"2. On all the evidence the defendant is not liable for the payment of monies to the plaintiff. *Denied.*

"3. On all the evidence the plaintiff is liable for the payment of monies to the defendant in the amount equal to the difference between the amount owed by Ace to MacLellan and the amount owed by Modern Drama to Ace. *Denied.*

"4. On all the evidence the plaintiff was personally responsible to the defendant for monies owed to the defendant by Modern Drama. *Denied.*

"5. The defendant was justified in relying upon the credit of the plaintiff in extending credit to Modern Drama. *Denied.*

"6. A contract implied in fact existed between the plaintiff and defendant whereby plaintiff was responsible to defendant for monies owed to the defendant by Modern Drama. *Denied.*

"7. An individual can be liable under an implied contract if he is the one to whom credit was extended when the work was done." *Allowed as a correct statement of law but inapplicable to facts found.*

The court made the following findings of fact:

"1. I find the plaintiff rendered services to the defendant from July 6, 1965 through July 21, 1967 and the plaintiff was never compensated for the same.

"2. I find the plaintiff was not individually or personally liable for services rendered to Modern Drama Productions, Inc., by the defendant and thus defendant cannot set-off the same in this cause of action.

"3. The court finds for the plaintiff in the sum of $1,710.50."

Although the report does not state that it contains all the evidence material to the questions reported, as required by Rule 31 of this court, it was agreed in open court

by counsel for the plaintiff and defendant that the report does, in fact, include all the evidence material to the questions reported. *Perry* v. *Hanover,* 314 Mass. 168 at 169; *Cincevich* v. *Patronski,* 304 Mass. 679; *Burbank* v. *Farnham,* 220 Mass. 514, 515.

There was no error.

 The trial justice's denial of the defendant's requests 1 and 2 was correct because there was evidence of services rendered by the plaintiff to the defendant and for which the plaintiff had not been paid.

 The court's denial of requests 3-4-5-6 and 7 was justified. Those requests for rulings use the phrase "Modern Drama", thus making it difficult to tell whether or not they were intended to refer to the corporation or to the unincorporated group using that name. Because of this ambiguity in the defendant's requests for rulings, and because of the context in which they appear, the trial judge was entitled to treat references to "Modern Drama" in the requests for rulings, as he apparently did, as referring to Modern Drama Productions, Inc., the corporation from which was due most of the money claimed by the defendant.

 It is in this light that we consider the defendant's requests for rulings 3 through 7, which concern the defendant's attempt to set-off the debt of Modern Drama Productions, Inc. against monies owed to the plaintiff. The

defendant's answer contains no counter claims or declaration in set-off. It is settled in this Commonwealth that in an action of contract no set-off can be allowed to the defendant where he has filed no declaration in set-off. *Taylor* v. *Kennedy*, 228 Mass. 390. *Skinner* v. *King*, 86 Mass. 498. In this action the defendant should have sued the plaintiff in contract or declared in set-off as required by G.L. c. 232, §8. This the defendant did not do and, therefore, cannot set-off another debt. Even if the defendant had pleaded and filed a declaration in set-off, the judge's denial of the defendant's requests for rulings numbered 3 through 7 would have been correct.

 It is the law of this Commonwealth that the general finding of the trial justice imports a finding of all subsidiary facts and drawing of all permissible inferences in its support. *DeMatteo Constr. Co.* v. *Comm.*, 338 Mass. 568. *Jones* v. *Clark*, 272 Mass. 146, 149. *Brotkin* v. *Feinberg*, 265 Mass. 295, 298. *Adams* v. *Dick*, 226 Mass. 46, 56.

The court found as a fact that the plaintiff was not individually or personally liable for services rendered to Modern Drama Productions Inc. by the defendant. There was enough evidence before the court to warrant it's making this finding. The plaintiff testified that sometime in the latter part of November, 1964, he told Yakus that Modern Drama Productions had been incorporated and that the corpora-

tion should be billed for future services provided by the defendant. The court chose the plaintiff's testimony as true.

It is not the function of this Division to pass upon the weight of evidence including the inferences reasonably to be drawn therefrom. This is the duty of the trial judge. The findings made cannot be pronounced unsupported by the evidence. The facts found with all the inferences of which they were susceptible warranted the finding for the plaintiff.

The decision of the trial court is affirmed.

**Report Dismissed.**

FRANKLIN H. LEVY
 for the Plaintiff

EDWARD F. MYERS
 for the Defendant