PRECISION PIPING ASSOCIATES, INC. *vs.* CITY OF BOSTON.

Plymouth.    February 11, 1975. — March 24, 1975.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Pleading, Civil,* Declaration, Demurrer.

In an action of contract, a plaintiff which alleged in its declaration an agreement, a breach, and resultant damages sufficiently described the legal effect of the contract and was not required by G. L. c. 231, § 7, Eleventh, to attach a copy of the contract to the declaration. [149-150]

In an action of contract, it was error to sustain a demurrer addressed to the plaintiff's failure to allege its compliance with certain terms of the contract, where the plaintiff did not, and was not required to, set out those terms in its declaration. [150]

An allegation that a contract, which was required by St. 1890, c. 418, § 6, to have approval of the mayor, was in compliance with the statute was not essential to a declaration in an action on that contract. [150]

In an action on a municipal building contract the plaintiff was not required to allege that payment was demanded and refused. [151]

CONTRACT.    Writ in the Superior Court dated May 1, 1973.

The action was heard by *Connolly*, J., on demurrer.

*Robert J. Sherer* for the plaintiff.

*Kevin F. Moloney*, Assistant Corporation Counsel, for the city of Boston.

HALE, C. J.    In this action of contract, the defendant's demurrer was sustained generally; the plaintiff has appealed. The declaration consisted of twenty-seven counts. The demurrer, which was addressed "separately to each of the separate counts in the declaration distributively and not to all the counts collectively . . ." assigned fifteen grounds. It would serve no useful purpose to recite the several counts and grounds in detail; it is sufficient to say that the facts alleged in the declaration (which are assumed

to be true for the purposes of this appeal; *Sharratt* v. *Housing Innovations, Inc.* 365 Mass. 141, 142 [1974]) show that in 1971 the plaintiff entered into a written contract with the defendant for the construction of a central kitchen facility in Dorchester. Certain change orders issued by the defendant and certain requests by the defendant for the performance of additional work form the basis of this dispute and comprise the subject matter of most of the twenty-seven counts. An unpaid balance due the plaintiff under the original contract is the subject of the first count, and the allegations concerning that contract are incorporated by reference in all the other counts.

As the demurrer applied to each count of the declaration separately, we may sustain it as to one count and overrule it as to another. *Flower* v. *Suburban Land Co. Inc.* 332 Mass. 30, 31-32 (1954). We proceed to examine the grounds assigned.

1. The first two grounds of the demurrer allege that the plaintiff failed to attach a copy of the written contract as "required" by G. L. c. 231, § 7, Eleventh, and that the plaintiff otherwise failed "to conform to the requirements of G. L. c. 231, § 7 cl. 11."[1] That clause plainly does not "require" the setting out or attachment of the written instrument if "the legal effect thereof" is adequately alleged in the declaration. *Damiano* v. *National Grange Mut. Liab. Co.* 316 Mass. 626, 630 (1944). We are of the opinion that the allegations in count one of the declaration sufficiently describe the legal effect of the contract; an agreement, a breach and resultant damages are substantially alleged. See *Loranger Constr. Corp.* v. *E. F. Hauserman Co.* 1 Mass. App. Ct. 801 (1973). We note that the defendant could have moved pursuant to § 7, Eleventh, for an order requiring the plaintiff to file the written instrument; the record dis-

---

[1] General Laws c. 231, § 7, Eleventh (as in effect prior to St. 1973, c. 1114, § 157), provided in pertinent part: "Written instruments shall be declared on by setting out a copy or such part as is relied on, or the legal effect thereof, with proper averments to describe the cause of action. If the whole contract is not set out, a copy or the original, as the court may direct, shall be filed upon motion of the defendant. . . ."

closes no such motion. The demurrer cannot be sustained as to any count of the declaration on either of the first two grounds assigned.

2. Five grounds of the demurrer (Nos. 6-10, inclusive) are addressed to the plaintiff's failure to allege compliance with certain terms and conditions of the contract. In view of our decision that the plaintiff was not required to set out the contract in its declaration, or attach it thereto, those grounds cannot be considered by the court. In this respect we have a speaking demurrer. *Massachusetts Mut. Life Ins. Co.* v. *Shattuck,* 328 Mass. 561, 562 (1952). See *Loranger Constr. Co.* v. *C. Franklin Corp.* 355 Mass. 727, 729 (1969).

3. The eleventh ground of the demurrer asserts that the plaintiff failed to allege compliance with St. 1890, c. 418, § 6 (as amended through St. 1955, c. 60), an act requiring the approval of the mayor of the city of Boston on contracts such as the original contract involved in the case at bar. The defendant has cited no authority for the proposition that such an allegation is essential to a declaration such as the plaintiff's, and we hold that it is not. "The question [on demurrer] is not as to the sufficiency of evidence to prove due execution of the contract, but is as to the sufficiency of the allegations thereof in the declaration." *Daddario* v. *Pittsfield,* 301 Mass. 552, 556 (1938). Therefore, the demurrer cannot be sustained on that ground.

4. Three grounds of the demurrer (Nos. 3-5, inclusive) challenge the general legal sufficiency of each of the counts, alleging (a) that the matters "are insufficient in law to enable plaintiff to maintain its action;" (b) failure to state substantive facts concisely and with substantial certainty; and (c) "failure to state a cause of action." We have carefully examined each of the twenty-seven counts and are of the opinion that the plaintiff has sufficiently stated a cause of action and has alleged substantive facts concisely and with substantial certainty in five of the twenty-seven counts (Nos. 1, 2, 10, 22, and 23). We note that even in those five counts which, in our opinion, are good against these three grounds of demurrer, the cause of action in some

instances is stated "in skeleton form" and that the entire declaration (including the above-mentioned counts) "leaves much to be desired." See *Grueninger* v. *President & Fellows of Harvard College,* 343 Mass. 338, 341 (1961). The remaining twenty-two counts fail to state a cause of action.

5. In view of our decision that count nineteen fails to state a cause of action, it is not necessary to consider the fifteenth ground of the demurrer, which is addressed solely to that count.

6. The three remaining grounds of the demurrer bear no application to the allegations contained in the five surviving counts, as these counts are not based on implied contract or quantum meruit. The plaintiff was not required to allege specifically in each count that payment was demanded and refused. See *Perkins* v. *Davis,* 109 Mass. 239, 241 (1872).

7. The order sustaining the demurrer generally is reversed. A new order is to be entered sustaining the demurrer as to counts 3 through 9, 11 through 21, and 24 through 27, but overruling the demurrer as to counts 1, 2, 10, 22 and 23.

*So ordered.*