120

## No. 114

## THOMAS A. PIGGOTT OF ATTLEBORO

### v.

## JOHN W. AGNEW AND OTHERS*

Argued: August 27, 1975. Decided: March 23, 1976

---

* This case was tried before July 1, 1975, the date Mass. Civil Code became effective.

Case tried to *Lee, J.,* in the Fourth District Court of Bristol. No. 31938.

Present: Tamkin, J. (presiding); Hurd, J.

**Tamkin, J.** This is an action of contract to recover for work done under an employment contract. The plaintiff's declaration, which sets forth the eleven (11) defendants with whom he made the contract, is as follows:

*Count* 1.

Plaintiff says that the defendants, John W. Agnew, D. Stuart DeBard, Joseph R. Guertin, Robert J. Kane, Walter J. Kelliher, Donald R. Marquis, George R. McCarthy, Shepard A. Spunt, Richard W. Stokes, James L. Sullivan and Augustus Thorndike, d/b/a "Ten Men of Massachusetts", at a meeting held on August 9, 1973, agreed to employ the plaintiff as their Executive Director for a period of four months at the rate of $18,000.00 per annum to commence August 14, 1973, and to re-imburse the plaintiff for his out-of-pocket expenses. Plaintiff further says that he accepted said employment, and began work on August 15, 1973 and continued in the employ of the defendants until December 15, 1973, fully performing his part of the agreement; that the defendants paid him the sum of $3,750.00; that as a result thereof, the defendants owe the plaintiff $2,250.00 and $26.12 for out-of-pocket expenses, plus interest from December 15, 1973.

*Count* 2.

The plaintiff says that the defendants owe him the sum of $2,250.00 and $26.12 for out-of-pocket expenses, plus interest from December 15, 1973, and costs for work done by the plaintiff for the defendants as their Executive Director, according to the account hereto annexed and marked "A".

Both counts are for one and the same cause of action.

"A"

[All defendants were specifically named].

to

Thomas A. Piggott

1. Balance of contract price             $2,250.00
2. Re-imbursement of out-of-pocket expenses   26.12
3. Interest from December 15, 1973       _____
4. Total amount due                $

To the declaration the defendants filed a motion to dismiss and demurrer contending that these men are representative of others and that therefore the plaintiff has not named all the necessary defendants. Further, defendants contended that the action was for an expense of a political committee and therefore the defendants are not liable. The defendants' motion to dismiss and demurrer was as follows:

## Defendants' Motion to Dismiss and Demurrer

**1.** Now come John W. Agnew, D. Stuart DeBard, Joseph R. Guertin, Robert J. Kane, Walter J. Kelliher, Donald R. Marquis, George R. McCarthy, Shepard A. Spunt, Richard W. Stokes, James L. Sullivan and Augustus Thorndike, named as individuals representative of all members of "The Ten Men of Massachusetts" in the writ and move that said writ be dismissed for non-joinder of all said members.

**2.** Said defendants demur to the plaintiff's declaration and assign the following causes of demurrer:

**A.** A few individuals may not be sued as representatives of others equally liable who are not joined as defendants.

**B.** The plaintiff is suing for an expense of a political committee. G.L. Ch. 55, Secs. 5 and 6 impose a jail sentence for payment by individuals of expenses of a political committee.

Attached to the defendants' motion to dismiss and demurrer was an affidavit contending that other persons, not named as defendants, were contracting parties. The affidavit in support of the motion was, as follows:

I, Stuart DeBard, one of the named defendants and of counsel for [them] affirm and say:

1. Of the ten individuals named, only Agnew, DeBard, Kane and Spunt were present on August 9, 1973. In addition to those four, the following were present and voting:

John Dane, Jr., August K. Viekman, John Thorndike, Henry O'Connell, Emil Skop, Kenneth Kollyer, William Twomey, but are not joined.

2. The ten persons signed a petition for a referendum.

3. Twenty-seven persons including those ten were on the list for regular meetings.

4. Twenty other persons gave sums of money in excess of $25. to the committee.

5. Approximately 400 "coordinators" worked with the committee to obtain signatures for the referendum.

6. Some 25,000 persons (the number being known to the plaintiff but not to these defendants) signed petitions, thereby adopting the principles of "Ten Men of Massachusetts."

7. In addition to individuals, several state associations of municipal employees signified support of the Ten Men including: The Association of Town Finance Committees and Massachusetts Selectmen's Association.

Signed under the Penalties of Perjury.

STUART DEBARD

The court allowed the defendants' motion to dismiss and demurrer after argument.

No evidence was presented to the court by the defendants' counsel in support of the motion to dismiss and demurrer.

The plaintiff claims to be aggrieved by the Court's action in allowing the defendants' motion to dismiss and demurrer.

We are unable to determine whether the trial court allowed the motion to dismiss or the demurrer.

## Motion to Dismiss

The District Court improperly allowed the motion to dismiss. An answer in abatement is the proper pleading to be applied in the matter at bar.

The defendants claim in their motion that other parties not named in the writ should have been joined.

"The general rule has also been stated that all parties interested in the subject matter of litigation should be made parties thereto." 9 Massachusetts Practice, Civil Practice, Nolan, c.6, §142, at page 161 (1975). Also see *Williams v. Russell,* 19 Pick. 162 (1837).

"In actions of contract, if the rights are joint, all persons entitled to such rights are necessary parties and must be joined." 9 Massachusetts Practice, Civil Practice, Mottla, c.6, §139, at page 133, (1962). *Thomas v. Benson,* 264 Mass. 555, 556, 557, (1928). 9 Massachusetts Practice, Civil Practice, Nolan, c.6, §149, at page 170, (1975). M. R. Civ. P., Rule 19, and Dist./Mun. Cts. R. Civ. P., Rule 19 (Compulsory Joinder).

From an early date, the appropriate pleading device at law to raise a defense not apparent from the record has been a plea in abatement. *Simonds v. Parker,* 1 Met. 508, 511, (1840). *Haynes v. Saunders,* 11 Cush.

537, 538, (1853). *Paraboschi v. Shaw,* 258 Mass. 531, 532, (1927). *Estey v. Director of Division of Employment Security,* 338 Mass. 797, (1959). Also see 9 Massachusetts Practice, Civil Practice, Mottla, c.13, §334, at page 295, (1962).

"A plea in abatement is appropriate when reliance is placed upon some fact outside the record as to which evidence may be necessary." *Tyler v. Boot & Shoe Workers Union,* 285 Mass. 54, 55, (1933).

### Demurrer

██ We determine that if in fact the trial court allowed the demurrer, it was in error.

"The function of a demurrer is to test the sufficiency of the pleading against which it is directed and its scope being thus limited, we cannot in considering a demurrer go beyond the allegations contained in that pleading." *Siegel v. Knott,* 316 Mass. 526, 528, (1944). Also see 9 Massachusetts Practice, Civil Practice, Mottla, c.14, §352, p. 301, (1962).

"For this reason, the court in passing on a demurrer will receive no evidence, exhibits, or statements of counsel." See 9 Massachusetts Practice, Civil Practice, Mottla, c.14, §352, p. 301, (1962). Also see *Sullivan v. Judges of the Superior Court,* 271 Mass. 435, 436, (1930).

It is to be noted that the Rules of Civil Procedure for the District Courts of Massachusetts became effective July 1, 1975. Prior to the "Rules" "a demurrer as in the case at bar could not be used to attack matters not apparent in the pleadings." See 9 Massachusetts Practice, Civil Practice, Nolan, c.13, §297, p. 307, (1975). Also see *Davenport v. Danvers,* 332 Mass. 580, 582, (1955) (a. "speaking" demurrer was fatal).

Under the new "Rules", however, a motion to dismiss may embrace matters not appearing in the pleading to which it is addressed. See 9 Massachusetts Practice, Civil Practice, Nolan, c.13, §297, p. 307, (1975). See M. R. Civ. P., Rule 12 (b) (6) and Dist./Mun. Cts. R. Civ. P., Rule 12 (b) (6).

We determine that the trial justice was in error in allowing the defendants' motion to dismiss and demurrer.

There being prejudicial error, the ruling of the trial justice is vacated and the matter is remanded to the Fourth District Court of Bristol for further action.