Cowdrey, P.J.
This is an action in contract for the defendant’s alleged breach of warranties and unfair and deceptive acts in the sale to the plaintiff of a used motor vehicle.
The reported evidence may be summarized as follows: On March 9,1979, the plaintiff appeared at the defendant’s place of business in response to the defendant’ s advertisement in the Boston Globe of a Volkswagon with a selling price of $2,000.00. The plaintiffs placed a $50.00 deposit on this vehicle.
On March 16, 1979, the defendant’s salesman informed the plaintiff that the Volkswagon required additional pre-sale repairs, and showed the plaintiffs a 1976 Saab with an odometer reading of 62,111 miles. Both the defendant’s salesman and its president/treasurer stated that the Saab was in good condition. *99 The plaintiff executed a purchase contract for the vehicle for the agreed price of $3,595.00; and gave the defendant a check for $1,950.00. The original $50.00 deposit was also applied to the purchase price.
The vehicle in question had been purchased by the defendant four days earlier for $2,950.00. The president/treasurer of the defendant corporation had personally examined the Saab to determine its condition prior to its sale to the plaintiffs.
On March 19,1979, the plaintiffs returned to the defendant’s place of business and sought to rescind the purchase agreement. The defendant refused to refund the plaintiffs’ $2,000.00 deposit. The plaintiffs later returned and gave the defendant a $1,595.00 check for the balance of the purchase price.
The plaintiffs were not satisfied with the car’s performance on their return home to Somerville on March 19,1979. The plaintiffs took the vehicle on March 22,1979 to Porter Chevrolet in Cambridge where it was determined that the car’s brakes were defective and required extensive repairs; that the car needed a major tune-up, and that there was a leak in the power steering. The brake work and tune-up were performed at Porter Chevrolet át a cost of $735.00.
In April of 1979, the plaintiffs presented the Porter receipted bill for $735.00 to the defendant. The latter denied any responsibility for these repair charges, but did remedy the defect in the power steering. The defendant retained possession of the Saab for one month to correct the problem and demanded that the plaintiffs pay for fifty percent of the repair bill. The plaintiffs did issue a check for $184.98, but later stopped payment on the same.
Major defects developed in the Saab subsequent to the plaintiffs’ regaining possession of the car in May of 1979. The plaintiffs expended $2,500.00 to correct these defects.
The plaintiffs forwarded a G.L. c. 93A demand letter to the defendant corporation on October 9, 1979. The defendant’s reply letter of October 22, 1979 denied all allegations of the plaintiffs’ letter; and offered in settlement merely to refrain from any efforts to collect the $184.98 check which had been returned in consequence of the plaintiffs’ stop-payment order.
The trial court made extensive subsidiary findings, which included the following:
The defendant purchased the 1976 Saab six days prior to selling to the plaintiffs and the defendant knew that it was not in good condition when it sold the 1976 Saab to the plaintiffs...
The defendant committed an unfair and deceptive act or practice upon the plaintiffs when it sold the 1976 Saab to the plaintiffs that had defective brakes; required a major tune-up; and had a leak in the power steering.
Porter Chevrolet’s bill for $735.00 was a fair and reasonable charge to repair the defective brakes and perform a major tune-up on the plaintiffs’ 1976 Saab.
The unfair and deceptive act of the defendant in selling the 1976 Saab to the plaintiffs with defective brakes and which required a major tune-up was a willful or knowing unfair or deceptive act within the provisions of G.L. c. 93A, § 2 and the refusal to grant the plaintiffs reasonable relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated Section 2 of G.L. c. 93 A. Therefore, the court awards the plaintiffs treble damages and reasonable attorney’s fees and costs pursuant to the plaintiffs’ G.L. c. 93A count (Count III).
The defendant breached the implied warranty of merchantibility when *100 it sold the 1976 Saab to the plaintiff.
The defendant breached its warranty of fitness when it sold the 1976 Saab to the plaintiffs.
The trial court denied the defendant’s requests for findings of fact and rulings of law.
Judgment was entered for the plaintiffs on Count I for breach of express warranty in the sum of $750.00; on Count II for breach of implied warranties in the sum of $750.00; and Count III for G.L. c. 93A violations in the sum of $2,205.00 plus $1,750.00 in attorney’s fees and costs.
The defendant thereafter filed a Dist./Mun. Cts. R. Civ. P., Rule 59 motion for a new trial on the grounds that the findings were against the law and the weight of the evidence, and that the damages were excessive. The trial court denied the defendant’s Rule 59 motion, and refused to act upon various requests for findings of fact and rulings of law which were appended to such motion.
The defendant now claims to be aggrieved by: (1) the court’s denial of defendant’ s requested rulings numbers 1,2,3 and 4; (2) the court’s findings of fact and denial of defendant’s requests for factual findings; (3) the court’s denial of the defendant’s motion for a new trial; and (4) the court’s refusal to act upon the defendant’s additional requests filed with its new trial motion.
1. There was no error in the trial court’s denial of defendant’s requests for rulings of law numbers 1, 2, 3 and 4.
Requests number 1, 2 and 4 sought a determination that the “plaintiffs are entitled to take nothing” because the defendant had neither breached express and implied warranties or violated G.L. c. 93A. The quoted phraseology utilized by the defendant designated requests 1,2 and 4 as requests for a required finding for the defendant. The sole issue raised by the denial of these requests, therefore, is whether upon the evidence a finding for the plaintiffs was permissible. Anopolle v. Carver, 327 Mass. 344, 346 (1951).
Sufficient evidence of vehicle defects was introduced to sustain the court’s finding that the vehicle was not “in good condition” as expressly warranted, and was not merchantable or “reasonably suitable for the ordinary uses for which goods of that kind and description are sold” as required by G.L. c. 106, §§ 2-314 and 2-316A. See Casagrande v. F.W. Woolworth, 340 Mass. 552, 555 (1960). A failure to fulfill or perform under a warranty, or the utilization of a deceptive warranty, is per se an unfair and deceptive act under G.L. c. 93A, § 9. See 940 CMR 3.08 (2 ); Slaney v. Westwood Auto, Inc., 366 Mass. 688, 702 (1975). Thus as the report discloses evidence which would support a judgment for the plaintiffs, the denial of defendant’s requests 1, 2 and 4 was proper. MacLellan v. Ace Recording Studios, Inc. 52 Mass. App. Dec. 143, 148 (1973); Moretto v. Wakefield, 50 Mass. App. Dec. 163, 169-170 (1973).
Requested ruling number 3 states:
The offer of settlement made by the defendant to the plaintiffs was sufficient to limit plaintiffs’ recovery under the provisions of Massachusetts General Laws 93A.
Pursuant to G.L. c. 93A, § 9, a written tender of settlement may limit recovery to the relief tendered only where “the court finds that the relief tendered was reasonable in relation to the injury actually suffered...” The reported evidence clearly discloses that the defendant failed to sustain its burden of establishing that its settlement offer was reasonable in the light of all attendant circumstances and the demands of the plaintiffs. Kohl v. Silver Lake Motors, 369 Mass. 795, 799 (1976). The defendant’s letter denied the plaintiffs’ allegations, ignored the plaintiffs’ monetary demands, see Patry v. Harmony Homes, Inc., Mass. Adv. Sh. *101 (1980) 1085, 1091; and merely offered to forgive an indebtedness which the plaintiffs did not necessarily owe and which represented a minute fraction of the plaintiffs’ costs and expenses. Requested ruling number 3 was, therefore, inconsistent with the court’s proper finding of the unreasonableness of the defendant’s settlement offer, and was properly denied.
2. In response to the defendant’s requests for findings of fact, the trial court correctly stated “the Court is not required to make Findings of Fact but see Court’s Findings of Fact.” A litigant is not entitled upon mere request to the entry of subsidiary, factual findings in a district court proceeding. Dist./Mun. Cts. R. Civ. P., Rule 52 (a); E.A. Strout Realty Agency v. Gargan, 328 Mass. 524 (1952); Liberatore v. Framingham, 315 Mass. 538 (1944). Moreover, the defendant cannot obtain a review by this Division of the trial court’s findings of fact in their entirety. The Appellate Division is empowered to consider only questions of law and not findings of fact. Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 221 (1936).
3. A Dist./Mun. Cts. R. Civ. P., Rule 59 motion for a new trial on the grounds that the verdict is against the weight of the law and the evidence is addressed solely to the discretion of the trial justice. Haven v. Brimfleld, 345 Mass. 529, 534 (1963); Higgins v. Trefry, 1 Mass. App. Ct. 801 (1973). We perceive no such abuse of discretion herein.
Similarly, damages are excessive as a matter of law only when “greatly disproportionate to the injury proved.” Koller v. Duggan, 346 Mass. 270, 274 (1963). In view of the plaintiffs’ $3,595.00 purchase payment, $2,735.00 repair costs and incidental expenses, the court’s judgment, which included G.L. c. 93 A punitive damages, attorney’s fees and costs, cannot be deemed disporportionate to the plaintiffs’ loss. There was thus no abuse of discretion in the court’s denial of the defendant’s Rule 59 motion. Bartley v. Phillips, 317 Mass. 35, 40-44.
4. Finally, the trial court properly refused to act upon those requests for rulings of law submitted by the defendant in conjunction with its new trial motion. Those requests frame issues of law with reference to Article 2 of the Uniform Commercial Code, G.L. c. 106, s. 2-101 et. seq. No requested ruling premised upon Article 2 was submitted, however, by the defendant at the time of trial. It is well established that questions of law which might have been raised at trial cannot be raised as of right on a motion for a new trial and are not open on appeal. Haines Corp. v. Winthrop Square Cafe, Inc., 335 Mass. 152, 154 (1956); Arrow Paper Corp. v. Boylston Foods, Inc., Mass. App. Ct. 808, 809 (1973). The trial justice was thus not required to consider the defendant’s Rule 59 requests. Belkus v. Murdoch, 315 Mass. 86, 87 (1943).
5. There being no error, the report is dismissed.